Filed 10/30/13

**CERTIFIED FOR PUBLICATION**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION FOUR

| | |
|---|---|
| In re A.M., a Person Coming Under the Juvenile Court Law. | |
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>A.M.,<br><br>    Defendant and Appellant. | A136288<br><br>(Alameda County<br>Super. Ct. No. SJ11016632-01) |

After being declared a ward of the court as a truant pursuant to Welfare and Institutions Code section 601,[1] A.M. (Minor) was placed on global positioning system (GPS) monitoring as a condition of probation. Minor later objected to being placed on GPS monitoring, and the juvenile court issued an order ruling that it was appropriate for section 601 wards. In her appeal from this order, Minor contends GPS monitoring as a

---

[1] All undesignated statutory references are to the Welfare and Institutions Code. Section 601, subdivision (b), provides in pertinent part: "If a minor has four or more truancies within one school year as defined in Section 48260 of the Education Code or a school attendance review board or probation officer determines that the available public and private services are insufficient or inappropriate to correct the habitual truancy of the minor, or to correct the minor's persistent or habitual refusal to obey the reasonable and proper orders of school authorities, or if the minor fails to respond to directives of a school attendance review board or probation officer or to services provided, the minor is then within the jurisdiction of the juvenile court which may adjudge the minor to be a ward of the court."

1

condition of probation for a truant is not authorized by statute and is unconstitutional. We shall affirm the order.

## I. BACKGROUND

The Alameda County District Attorney filed a juvenile wardship petition in March 2011, alleging Minor, who was then 14 years old, was a habitual truant under section 601, subdivision (b). Minor admitted the allegations of the petition and was declared a ward of the court. On April 29, 2011, the juvenile court placed her in the custody of the probation department in her mother's home "under the standard conditions of probation," and ordered her to attend school every day, report to and cooperate with her probation officer, maintain a curfew of no later than 6:00 p.m., not stay out overnight without permission, and not own, use, or possess any narcotics or drugs.

A probation officer reported to the court on June 15, 2011, that since Minor's last court appearance she had missed 13 periods of class, had been tardy once, had been suspended for 12 days due to truancy, and earlier that month had stayed away from home overnight without permission. At a hearing two days later, the juvenile court placed Minor on GPS monitoring.

Minor was taken into custody on June 27, 2011, for a "GPS failure" after she twice was away from home in the evening without her mother's permission. Two days later, the juvenile court released her again on GPS, and ordered her to stay at home unless she was in school.

In preparation for a November 4, 2011 progress report, Minor's probation officer reported that since the beginning of the school year, Minor had missed 33 periods of school, had been tardy 29 times, and had been suspended once, after drug paraphernalia was found on the ground where Minor and other students were gathered. An electronic monitoring progress report noted that Minor had failed to call in daily and check in, and that she had violated her GPS contract recently by leaving the county to go to a mall and amusement park, returning at almost midnight. The juvenile court maintained Minor on GPS monitoring. In the following two months, Minor attended school daily but missed a

2

number of class periods, had many unexcused tardies, and was found on another school's campus during school hours.

Minor was taken into custody on December 28, 2011, for a "GPS violation," after she was out of her home from 12:50 a.m. until 3:32 a.m. She had also been out of her home for more than half an hour in the afternoon. Noting it was "familiar with . . . the activities that go on" in the area Minor visited during the night, the court detained her in juvenile hall. She was released from juvenile hall on January 4, 2012, and remained on GPS monitoring.

Minor continued to accrue absences, missed class periods, and tardies during the first three months of 2012, although she was more or less compliant with her GPS contract and her school attendance improved. However, during the spring of that year, her school attendance declined. Her GPS monitor showed no unauthorized movements.

On June 29, 2012, Minor was out of her home, in a park, from 12:41 to 2:39 a.m., and was detained in juvenile hall for the violation of her probation conditions. She was released to her mother on July 3, 2012, and remained on GPS monitoring. On the same date, Minor filed an objection to being placed on GPS monitoring, arguing it was an invalid condition of probation for a truancy wardship.

On July 20, 2012, the probation department reported that since the July 3 hearing, Minor had complied with her GPS contract. On July 20, 2012, the court vacated the GPS order. Nevertheless, on August 9, 2012, the court heard argument on Minor's objection to being placed on GPS, and issued an order ruling GPS monitoring was appropriate in section 601 (truancy) wardships. Minor has appealed from this order.

## II. DISCUSSION

Section 727, subdivision (a)(1) provides that "[i]f a minor is adjudged a ward of the court on the ground that he or she is a person described by Section 601 or 602, the court may make any reasonable orders for the care, supervision, *conduct*, maintenance, and support of the minor, including medical treatment, subject to further order of the court." (Italics added.) Subdivision (a)(2) authorizes the court, in its discretion, to place a ward on probation without the supervision of the probation officer, and to impose

3

"reasonable conditions of behavior as may be appropriate under this disposition." In all other cases, however, "the court shall order the care, custody, and control of the minor to be under the supervision of the probation officer . . . ." (§ 727, subd. (a)(3).)

Other provisions of the juvenile law specify certain conditions of probation. For instance, section 729.2 provides that if a minor is found to be a person described in Section 601 or 602 and is not removed from the parents' physical custody, the court normally "shall" require the minor to attend school regularly, require the parents or guardian to participate with the minor in a counseling or education program, and require the minor to be home between 10:00 p.m. and 6:00 a.m. unless accompanied by a parent, legal guardian, or other responsible adult. The court may require the minor to submit to urine testing for alcohol or drugs. (§ 729.3.) Under Education Code section 48264.5, subdivision (d), the court must require a section 601 ward to do one or more of the following: perform community service, pay a fine, attend a truancy prevention program, or lose driving privileges.

Minor contends the juvenile court lacked authority to impose any conditions of probation other than those specified by statute, arguing that under the principle of *expressio unius est exclusio alterius*, by establishing certain conditions of probation in a section 601 case where the minor was placed on supervised probation, the Legislature intended to prohibit any other conditions. We reject this contention. By its terms, section 727, subdivision (a)(1) authorizes the juvenile court to "make any reasonable orders for the . . . conduct" of a minor adjudged a ward of the court under section 601, which are comparable to conditions of probation. (See *In re Ronnie P*. (1992) 10 Cal.App.4th 1079, 1089.)[2] A conclusion that the juvenile court is limited to those conditions expressly provided by statute would be inconsistent with this broad language.

_____

[2] *In re Ronnie P*. explains that "[i]n content these orders [under section 727, subdivision (a)] are often comparable to adult probation conditions," and that both legislators and courts refer to them as " 'conditions of probation,' " but suggests the terms " 'conduct orders' or 'conduct terms'" would be preferable, as they would "focus on the nature of the order without importing unwanted resonances from criminal law." (*In re Ronnie P., supra*, 10 Cal.App.4th at p. 1089 & fn. 7.)

Minor argues, however, that even if the power of the juvenile court is not so limited, a GPS condition is inappropriate in the case of truants, who have been declared wards not for committing any crime, but due to their status as minors. According to Minor, the condition "is inconsistent with the purpose of section 601 which is to promote school attendance." The Legislature, however, has clearly determined that a nighttime curfew *is* consistent with the purpose of encouraging truants to attend school: among the conditions of probation the juvenile court must normally impose on a truancy ward is a nighttime curfew, unless the minor is accompanied by a parent or guardian. (§ 729.2, subd. (c).) Because a GPS condition assists the court in monitoring a minor's compliance with a curfew, we cannot conclude that such a condition is inconsistent with the purposes of section 601.

We are also guided in our analysis by *In re R.V.* (2009) 171 Cal.App.4th 239, which affirmed an order placing a ward of the juvenile court on GPS monitoring, and in doing so rejected the minor's contentions that it was an abuse of discretion and violated his constitutional rights, including his Fourth Amendment rights. The court explained that " ' "[a] condition of probation which is [legally] impermissible for an adult criminal defendant is not necessarily unreasonable for a juvenile receiving guidance and supervision from the juvenile court," ' " (*id*. at p. 246), and went on to note that GPS was expressly authorized by statute for adult probationers (Pen. Code, § 1210.7 et seq.), sex offenders (Pen. Code, § 1202.8), and parolees (Pen. Code, § 3010). (*In re R.V.*, 171 Cal.App.4th at p. 247.) The court then concluded that given the minor's violations of the Penal Code and the conditions of his probation, GPS monitoring was reasonably related to his past behavior and likely to deter future criminality. (*Id*. at p. 247.) The court also rejected the minor's constitutional arguments, reasoning that when a state asserts jurisdiction over a minor, it stands in the shoes of the parents, and that " 'the juvenile court may impose probation conditions that infringe on constitutional rights if the conditions are tailored to meet the needs of the minor.' " (*Id*. at p. 248; see also *In re Walter P*. (2009) 170 Cal.App.4th 95, 100.)

5

We recognize that the wardship in *In re R.V.* was based on the minor's violations of criminal law, not on his truancy. (*In re R.V.*, *supra*, 171 Cal.App.4th at p. 242.) However, the Legislature has made clear it considers maintaining a curfew to be reasonably related to the goal of ensuring a minor attends school regularly. (See § 729.2, subd. (c).) We conclude that in appropriate circumstances—such as may exist where a ward continues a pattern of truancy and violates curfew—GPS monitoring may be an appropriate condition of probation for a section 601 ward.

Our holding here is limited to this purely legal issue. As we have noted, at the time of the ruling from which Minor has appealed, the juvenile court had already vacated the GPS order; the August 9, 2012 order ruled that GPS monitoring was appropriate in truancy wardships, but the record does not indicate Minor was reinstated on GPS monitoring. Because Minor did not appeal any order actually *placing* her on GPS monitoring, no such order is before us now, so we have no occasion to decide whether the juvenile court properly exercised its discretion in its earlier orders placing Minor on GPS monitoring.[3]

Minor also contends GPS monitoring as a condition of probation for a truant violates section 601, subdivision (b), which provides in pertinent part: "[I]t is the intent of the Legislature that no minor who is adjudged a ward of the court pursuant solely to this subdivision shall be removed from the custody of the parent or guardian except during school hours," and section 207, subdivision (a), which provides in pertinent part: "No minor shall be detained in any jail, lockup, juvenile hall, or other secure facility who is taken into custody solely upon the ground that he or she is a person described by

---

[3] In their briefing, neither party raised the question of whether any actual controversy was before us in light of the July 20, 2012 order vacating minor's GPS monitoring. However, at oral argument Minor's counsel acknowledged that in the procedural posture of the case, this appeal raises a *facial* challenge to the propriety of the GPS monitoring as a condition of probation in truancy cases. Because this purely legal issue may well recur between the parties, we have addressed it on the merits. (See *In re Michael D.* (1996) 51 Cal.App.4th 1074, 1081, fn. 2.) We do not, however, express any opinion on whether the GPS monitoring imposed in the juvenile court's earlier orders— which Minor did not appeal—was in fact appropriate.

Section 601 or adjudged to be such or made a ward of the juvenile court solely upon that ground, except as provided in subdivision (b)." Section 207, subdivision (b), in turn allows section 601 wards to be taken into custody for limited time periods (none of them more than 72 hours) in specified circumstances, such as when there is a need to determine if there are any outstanding warrants or to locate the minor's parent or guardian. In addition, as Minor acknowledges, the juvenile court has authority to order the confinement of a section 601 ward who is found in contempt of court, subject to certain limitations. (*In re Michael G.* (1988) 44 Cal.3d 283, 287, 297.)

According to Minor, the GPS condition was improper and violated her due process rights because the allegation of a violation of her GPS probation condition subjected her to summary detention and incarceration. This challenge, however, is not directed to the facial validity of a GPS condition—the only issue the trial court decided in the challenged order—but to the consequences in this case after Minor violated her curfew while on GPS monitoring. As a facial matter, Minor has not persuaded us that detention is a necessary consequence of a curfew violation while a truancy ward is on GPS monitoring or that such a violation must necessarily be treated differently than a violation of any other condition of probation. In any case, Minor failed to seek review of any order either imposing a GPS condition or detaining her, and we will not address this issue now.[4]

---

[4] In affirming the court order, we do not express approval of the provision in Minor's GPS contract that if she became ineligible for the GPS program, she could be taken into custody without a warrant. Any conditions imposed on a truant in connection with GPS monitoring must, of course, be consistent with the purposes and provisions of the statutory scheme for section 601 wards.

## III.    DISPOSITION

The order appealed from is affirmed.


_____
Rivera, J.


We concur:


_____
Reardon, Acting P.J.


_____
Humes, J.

8

Trial court:        Alameda County

Trial judge:        Hon. Rhonda Burgess

Attorneys:
Jonathan Soglin
L. Richard Braucher
under appointment by the Court of Appeal
(Attorney for Defendant/Appellant)

Kamala D. Harris
Attorney General
Dane R. Gillette
Chief Assistant Attorney General
Gerald A. Engler
Senior Assistant Attorney General
Eric D. Share
Supervising Deputy Attorney General
Ronald D. Niver
Deputy Attorney General
(Attorneys for Plaintiff/Respondent – The People of the State of California)