Filed 2/28/14  In re Gabriela M. CA1/5

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION FIVE

| | |
|---|---|
| In re Gabriela M., a Person Coming Under the Juvenile Court Law. | |
| THE PEOPLE,<br><br>        Plaintiff and Respondent,<br><br>v.<br><br>Gabriela M.,<br><br>        Defendant and Appellant. | A137869<br><br>(Alameda County<br>Super. Ct. No. SJ120183561) |

Gabriela M. was determined to be a habitual truant and declared a ward of the court.  (Welf. & Inst. Code, § 601, subd. (b).)[1]  She was placed on home probation with conditions that she "attend school . . . every day, every class, on time."  After finding Gabriela had violated conditions of her probation, the court modified the conditions to include a suspended weekend custodial program.  In addition to continuing unexcused school absences, Gabriela was not abiding by home rules, was often away from home overnight without permission, and was smoking marijuana.  Finding that Gabriela had violated court orders, the juvenile court remanded her to serve two weekends in custody and ordered that she be subject to global positioning system (GPS) monitoring upon her release.

---

[1] All further statutory references are to the Welfare and Institutions Code unless otherwise indicated.

1

Gabriela appeals from the custodial order and from the GPS monitoring condition of her probation. She contends that, as a "status offender," custodial confinement is permissible only on an adjudication of contempt (§ 213), and that the juvenile court failed to satisfy due process requirements before imposing contempt sanctions on her. She also contends that GPS monitoring as a probation condition in a truancy case is unauthorized and unconstitutional. We agree with her first contention, but reject the second.

## I. BACKGROUND

Gabriela was a student in the San Lorenzo Unified School District and apparently first identified as a truant on October 6, 2010. She agreed to the terms and conditions of a school attendance review board contract, but then failed to abide by that agreement. On February 7, 2012, the Alameda County District Attorney filed a wardship petition (§ 601, subd. (b)) alleging that Gabriela was habitually truant, and that she had failed to comply with the mandates of her school attendance review board contract and the probation department's truancy mediation program. At a hearing on March 16, 2012, the juvenile court advised Gabriela that "[t]he consequences for being a chronic truant is that the court will place you on probation for up to a year. You . . . will be ordered to perform twenty hours of community service, your driving privilege can be suspended or delayed for up to four years if you were to violate any court order. Also, you're going to be ordered to attend school each day, every day, every class, on time." Gabriela said she understood those consequences. She admitted the allegations of the petition, was declared a ward of the court and placed on home probation. The terms of her probation required that she "attend school, every day, every class, on time," that she abide by a curfew set by her parent and "not to be out later than 6:00 p.m. without permission," and that she "not stay away from [her] residence overnight . . . without prior permission."

A truancy progress report submitted to the court on August 14, 2012, alleged that Gabriela was absent from her home without permission for over a month, was not following household rules, and was smoking marijuana and consuming alcohol. At a hearing on August 17, the court continued Gabriela as a ward and remanded her to juvenile hall for the weekend.

2

A November 27, 2012 truancy progress report alleged that Gabriela had been absent from school without permission over four times, had missed classes four times, and was not present on the two days the truancy officer visited her school. On November 30, the court modified Gabriela's probation terms to include a suspended order that she complete "26 special WETAs [(Weekend Training Academy sessions)]."

On December 27, 2012, a truancy progress report alleged that Gabriela had 10 unexcused absences and was about to be dropped from school. On January 4, 2013, the court continued Gabriela as a ward and ordered her to "do two WETAs" on successive Saturdays—January 5 and January 12, 2013. The court warned Gabriela that if she did not complete the two WETAs "then we'll have to do something more drastic[.]"

A January 29, 2013 truancy progress report alleged that Gabriela had four unexcused absences, five missed periods, and six tardies at school, that she was not abiding by home rules, was often away from home overnight without permission, and was smoking marijuana. Moreover, Gabriela failed to complete her required WETAs. Gabriela's mother made a request that Gabriela "be placed on GPS." On February 1, the court found that "[Gabriela]'s disobeyed the court's order, her behavior is egregious. She's been given notice of the problems and what to expect. And I think the least-restrictive means at this point, doing in-custody WETAs as opposed to straight in custody. But she needs to do two of those [WETAs] and she is going to be placed on [GPS] so that we will know where she is at all times." Gabriela was remanded to juvenile hall, with the order that she was "to be released on [Sunday] 2/3/2013 on GPS." Gabriela was ordered to report to juvenile hall again "on 2/8/2013 for the second WETA."

A notice of appeal was filed on February 8, 2013.

## II. DISCUSSION

A. *Mootness/Appealability*

By order dated October 11, 2013, we directed the parties to submit supplemental letter briefs on two issues. (1) Are some or all of the issues raised in this appeal now

moot because of the expiration of either [Gabriela]'s period of confinement or other restraints placed upon her liberty? (2) Should this appeal be dismissed because the order from which it is taken is not appealable? Our order directed the parties' attention to a recent decision by Division Three of this court, *In re M.R.* (2013) 220 Cal.App.4th 49 (*M.R.*).

The People respond that Gabriela's claim concerning unlawful confinement should be dismissed because the order holding her in contempt was not appealable, and even if the appeal on this issue is not otherwise barred for this reason, the claim is moot since Gabriela has served her term of confinement and this court can provide her no relief. (See *In re Sodersten* (2007) 146 Cal.App.4th 1163, 1217.) Gabriela acknowledges that her incarceration claim is "technically moot," but urges us to review the claim as an issue of broad public interest that is likely to recur but evade review. (See *In re Sheena K.* (2007) 40 Cal.4th 875, 879.) The People counter that there is no longer any such public interest issue because the publication of *M.R.* has provided sufficient resolution of this issue and recurrence of the deficient hearing procedure utilized in both cases is unlikely. While the People may be correct that *M.R.* provides a definitive resolution to the procedural issues presented, Gabriela has shown that the challenged remand process is at issue in several pending cases,[2] and we elect to address the merits *post* to express our agreement with the reasoning and conclusions of *M.R.*

Gabriela also admits that, under the holding of *M.R.*, the contempt adjudication is not an appealable order, but urges us to treat her incarceration claim as a petition for writ relief, as did the *M.R.* court. Both sides agree that Gabriela's second claim challenging her GPS monitoring probation condition is appealable and not moot so long as she remains subject to this condition. They disagree on the merits of the claim.

---

[2] The *M.R.* court took judicial notice of four other appeals (including this case) pending in the First District Court of Appeal that challenged orders requiring truancy wards to be incarcerated for contempt of court. (*M.R., supra,* 220 Cal.App 4th at p. 56, fn 2.) We grant a similar request made by Gabriella here. (Evid. Code, §§ 452, subd. (d), 459.)

4

B.      *Remand Order and Application of* M.R.

Despite statutory limitations on placement of habitual truants in secure confinement during nonschool hours (§§ 207, subd. (a),[3] 601, subd. (b)), a juvenile court retains the authority to order the secure confinement of a habitual truant who is found to be in contempt of court. (*In re Michael G.* (1988) 44 Cal.3d 283, 287 (*Michael G.*); *M.R.*, *supra*, 220 Cal.App.4th at p. 53.)

The circumstances before the *M.R.* court were essentially identical to those before us: a juvenile hall remand of a habitual truant ordered by the same trial court as in Gabriela's case. The issue in *M.R.* was whether the provisions of the Code of Civil Procedure govern a *Michael G.* contempt proceeding against a habitual truant in the juvenile court. (*M.R.*, *supra*, 220 Cal.App.4th at p. 55.) While confirming the juvenile court's power to enforce its orders through contempt sanctions (§ 213), the *M.R.* court held that the procedural safeguards provided under Code of Civil Procedure section 1209 et seq. (e.g., an affidavit or declaration under penalty of jury setting forth the grounds for the contempt and an order to show cause) must be complied with before the juvenile court may order the secure confinement of a contemptuous habitual truant. (*M.R.*, at p. 63.) We find no reason to depart from our colleagues' analysis in *M.R.* and adopt it here.

The *M.R.* court further held that a judgment of contempt against a truancy ward in a section 601 juvenile proceeding is not an appealable order. (*M.R.*, *supra*, 220 Cal.App.4th at p. 65.) "As with other civil contempt judgments, the exclusive remedy is a petition for extraordinary writ relief." (*Ibid.*) We also agree that the contempt adjudication is not an appealable order. But as in *M.R.*, we will exercise our discretion to treat Gabriela's challenge to this order as a petition for extraordinary writ. (*Ibid.*) The remand order for Gabriela suffers from the same infirmities as that entered in

_____

[3] "No minor shall be detained in any jail, lockup, juvenile hall, or other secure facility who is taken into custody solely upon the ground that he or she is a person described by Section 601 or adjudged to be such or made a ward of the juvenile court solely upon that ground, except as provided in subdivision (b). . . ." (§ 207, subd. (a).)

*M.R.*, and we see no reason that she should be treated differently.  We therefore vacate the order.

C.     *GPS Monitoring*

Gabriela argues that the court's imposition of GPS monitoring was unlawful because:  (1) it is not statutorily authorized; (2) it is inconsistent with the general prohibition on secure confinement of truant youth and is inconsistent with the purpose of section 601 to promote school attendance; and (3) a continuous GPS monitoring condition unlawfully impinges upon her Fourth Amendment rights.  We disagree.

Gabriela first contends that "[n]o California statute or judicial decision authorizes GPS monitoring of truant minors."  That is no longer true.  Division Four of this court recently rejected the same challenges to a similar condition, imposed by the same trial court on another truant minor.  (*In re A.M.* (2013) 220 Cal.App.4th 1494 (*A.M.*).)  Like Gabriela, the minor in *A.M.* also asserted that GPS monitoring as a condition of probation for a truant is not authorized by statute and is unconstitutional.

The minor in *A.M.* first argued, as does Gabriela, that specific probation conditions for truant youth are set forth in sections 729.2 and 729.3,[4] and that under the principle of *expressio unius est exclusio alterius*, the absence of any express authorization for GPS monitoring in those sections implies the exclusion of any broader authority for imposing restrictions on truant youth subject to supervised probation.  (*A.M., supra*, 220 Cal.App.4th at pp. 1498–1499.)  Rejecting that contention, the court held, "By its terms, section 727, subdivision (a)(1) authorizes the juvenile court to 'make any

---

[4] Under section 729.2 the juvenile court shall, unless it find the conditions to be inappropriate, require the minor to attend a school program approved by the probation officer without absence; require the parents or guardian of the minor to participate with the minor in a counseling or education program; require the minor to be at his or her legal residence between the hours of 10:00 p.m. and 6:00 a.m. unless the minor is accompanied by his or her parent or parents, legal guardian or other adult person having the legal care or custody of the minor.

Section 729.3 permits a court to impose a condition requiring a child adjudicated under section 601 or 602 to submit to urine testing for the purpose of determining the presence of alcohol or drugs.

reasonable orders for the . . . conduct' of a minor adjudged a ward of the court under section 601, which are comparable to conditions of probation. [Citation.] A conclusion that the juvenile court is limited to those conditions expressly provided by statute would be inconsistent with this broad language." (*A.M.,* at p. 1499, fn. omitted.) We agree.[5]

The *A.M.* court similarly rejected the contention that imposition of GPS conditions is inappropriate in the case of truants, and is inconsistent with the purpose of section 601 to promote school attendance. "The Legislature . . . has clearly determined that a nighttime curfew *is* consistent with the purpose of encouraging truants to attend school: among the conditions of probation the juvenile court must normally impose on a truancy ward is a nighttime curfew, unless the minor is accompanied by a parent or guardian. (§ 729.2, subd. (c).) Because a GPS condition assists the court in monitoring a minor's compliance with a curfew, we cannot conclude that such a condition is inconsistent with the purposes of section 601." (*A.M., supra*, 220 Cal.App.4th at p. 1499, italics added.)

Finally, the *A.M.* court rejected the same constitutional challenge to GPS monitoring that Gabriela pursues here. "[W]hen a state asserts jurisdiction over a minor, it stands in the shoes of the parents, and . . . ' "the juvenile court may impose probation conditions that infringe on constitutional rights if the conditions are tailored to meet the needs of the minor." ' [Citations.]" (*A.M., supra*, 220 Cal.App.4th at p. 1500, quoting *In re R.V.* (2009) 171 Cal.App.4th 239, 248.) We agree with the *A.M.* court that "the Legislature has made it clear it considers maintaining a curfew to be reasonably related to the goal of ensuring a minor attends school regularly" and that "in appropriate circumstances—such as may exist where a ward continues a pattern of truancy and violates curfew—GPS monitoring may be an appropriate condition of probation for a section 601 ward." (*A.M.,* at p. 1500.)

---

[5] With regard to Gabriella's challenge that GPS monitoring is unauthorized because it is not listed among the conditions of probation set forth in sections 729.2 and 729.3, the People argue that this challenge is forfeited due to Gabriella's failure to raise these objections at the disposition hearing. (*In re Sheena K.* (2007) 40 Cal.4th 875, 885, 889.) Since we otherwise address the challenge on the merits, the forfeiture issue is moot.

## III. DISPOSITION

The court's remand order is vacated.  The order imposing GPS monitoring is affirmed.

_____

Bruiniers, J.

We concur:

_____

Jones, P. J.

_____

Needham, J.