Filed 3/28/14  In re Frankie A. CA1/3

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| In re FRANKIE A., a Person Coming Under the Juvenile Court Law. | |
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>FRANKIE A.,<br><br>    Defendant and Appellant. | A137865<br><br>(Alameda County<br>Super. Ct. No. SJ110179151) |

The juvenile court declared Frankie A. (Frankie) a ward of the court after determining he was a habitual truant.  (Welf. & Inst. Code, § 601, subd. (b).)[1]  On appeal, he contends the juvenile court erred by remanding him to juvenile hall without following procedures applicable to contempt proceedings.  He also argues that the court lacked authority to place him on GPS monitoring as a condition of probation.  Because Frankie has achieved the age of majority and can no longer be considered a truant, we conclude the appeal is moot and must be dismissed.

**FACTUAL AND PROCEDURAL BACKGROUND**

In November 2011, the Alameda County District Attorney filed a petition alleging that Frankie was a habitual truant under section 601, subdivision (b).  Frankie admitted

---

[1]All further statutory references are to the Welfare and Institutions Code unless otherwise specified.

1

the allegation and was declared a ward of the court. The probation department stated in subsequent progress reports that Frankie was not regularly attending school. In February 2012, the juvenile court remanded Frankie to spend the weekend in juvenile hall after finding that he had failed to attend school regularly. Frankie was ordered into custody again in March, April, and June 2012.

At the progress hearing conducted in March 2012, the court also placed Frankie on GPS monitoring without objection. In October 2012, an electronic monitoring officer determined that Frankie had violated the terms of his GPS supervision and placed him in custody. The court released Frankie two days later.

In November 2012, the court ordered Frankie to be placed on GPS monitoring again over defense counsel's objection. Frankie filed a motion seeking to annul the court's November 2012 order placing him on GPS monitoring. He argued that the court failed to follow procedures applicable to contempt proceedings and that the court lacked authority to impose GPS monitoring in the case of a truant. The juvenile court denied the motion in February 2013. Frankie timely appealed from the court's order refusing to vacate GPS monitoring.

## DISCUSSION

At the outset, it is necessary to clarify exactly which juvenile court actions are encompassed within this appeal. Frankie suggests the court remanded him into custody without following proper procedural protections. Specifically, he contends the court was required to comply with statutory procedures applicable to civil contempt proceedings before he could be placed in secure confinement during nonschool hours. However, the challenged orders from November 2012 and February 2013 did not involve a remand into custody. Indeed, the court specifically rejected a probation department recommendation to remand him into custody.[2] Instead, the court placed him on GPS monitoring and

_____

[2]The court stated: "So I am going to place [Frankie] on G.P.S. The recommendation from probation, which I don't think was inappropriate, was that he be remanded today. *I'm not going to remand him.* I'm going to have him do two WETA weekends. And he's going to be placed on G.P.S. today." (Italics added.)

2

ordered him to attend Weekend Training Academy (WETA) for two weekends.  As this court explained in *In re M.R.* (2013) 220 Cal.App.4th 49, 54 (*M.R.*), WETA is a weekend program that is an alternative to detention.

Accordingly, there is no remand order properly before this court on appeal.  The appeal is untimely as to any earlier remand orders that the court imposed, including his remand into custody for a GPS violation in October 2012.  (See Cal. Rules of Court, rules 5.585, 8.406(a)(1) [notice of appeal must be filed within 60 days of challenged order].)  Further, as explained in *M.R.*, *supra,* 220 Cal.App.4th 49, a judgment of contempt—which is the appropriate basis for remanding a contemptuous juvenile truant into custody—is not an appealable order but instead must be challenged by a petition for extraordinary writ relief.  (*M.R., supra,* at p. 65.)  Therefore, the only juvenile court action properly encompassed within this appeal is an order placing Frankie on GPS monitoring in November 2012.

The Attorney General contends the appeal is moot because Frankie has attained the age of majority and can no longer be required to attend school.  We agree with the Attorney General.

Frankie attained the age of majority in October 2013.  A person is required to attend school only if he is under 18 years of age.  (See Ed. Code, § 48400; *In re James D.* (1987) 43 Cal.3d 903, 909.)  Consequently, Frankie cannot be considered a truant if he fails to attend school after his 18th birthday.

An appeal should be dismissed as moot when an event renders it impossible for the court to grant any effectual relief.  (*In re Sodersten* (2007) 146 Cal.App.4th 1163, 1217.)  Here, because Frankie is now over 18 years of age, it would serve no purpose to reverse the juvenile court's order imposing GPS monitoring.  Frankie can no longer be subject to GPS monitoring as a truant regardless of what we may decide.

Frankie contends the appeal is not moot, arguing that a favorable ruling on appeal would erase the prior remand orders and reduce the likelihood that he would be maintained on probation.  We disagree.  For reasons we have explained, the prior remand orders are not properly encompassed within the scope of this appeal.  Further, it is

difficult to conceive what benefit an adult such as Frankie would receive from an order annulling remand orders issued in a juvenile court truancy proceeding that is no longer active.

Frankie also urges that we should address the case on its merits despite the fact the appeal is technically moot. He argues that the appeal poses an issue of broad public interest that is likely to recur. While that may be true, the issues raised by Frankie have already been addressed in published opinions. In *M.R., supra,* 220 Cal.App.4th at p. 54, this court held that the juvenile court must comply with statutory procedures governing civil contempt proceedings before ordering the secure confinement of a habitual truant. Further, Division Four of this court considered the propriety of a GPS monitoring condition for a truant in *In re A.M.* (2013) 220 Cal.App.4th 1494, 1500, in which the court held that "in appropriate circumstances—such as may exist where a ward continues a pattern of truancy and violates curfew—GPS monitoring may be an appropriate condition of probation for a section 601 ward." Consequently, the issues raised by Frankie have already been the subject of reported decisions. Frankie has presented no reason for us to revisit these issues in a moot appeal that can afford him no effective relief.

As a final matter, we note that Frankie requested oral argument in response to a notice sent by the court's clerk, as a matter of course, when an appeal is fully briefed. A party's right to oral argument exists in any appeal considered on the merits and decided by written opinion. (See *Moles v. Regents of University of California* (1982) 32 Cal.3d 867, 871; accord, *Lewis v. Superior Court* (1999) 19 Cal.4th 1232, 1255.) Because we dismiss the appeal without reaching the merits, Frankie does not have a right to oral argument, which we find in this instance to be unnecessary to our dismissal of the appeal on the ground it is moot.

4

**DISPOSITION**

The appeal is dismissed.

_____
McGuiness, P.J.

We concur:

_____
Jenkins, J.

_____
Pollak, J.