Filed 12/30/15

**CERTIFIED FOR PUBLICATION**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION ONE

| | |
|---|---|
| In re ALEJANDRO R., a Person Coming Under the Juvenile Court Law. | |
| THE PEOPLE, Plaintiff and Respondent, v. ALEJANDRO R., Defendant and Appellant. | A144398 (Alameda County Super. Ct. No. SJ11017351) |

Appellant Alejandro R., a minor, admitted to being an accessory to illegal drug sales and was found to be a ward of the court. In addition to typical conditions of probation, the juvenile court imposed a condition requiring appellant to submit to the warrantless search of his electronic devices and his use of social media. Appellant challenges the condition as substantively invalid and unconstitutionally overbroad. We conclude, following our recent decision in *In re Ricardo P.* (2015) 241 Cal.App.4th 676 (*Ricardo P.*), that the condition, while valid under *People v. Lent* (1975) 15 Cal.3d 481 (*Lent*), superseded on other grounds as stated in *People v. Wheeler* (1992) 4 Cal.4th 284, 290–292, is overbroad as imposed by the juvenile court. We affirm the juvenile's court order with appropriate modification of the electronics search condition.

## I. BACKGROUND

Appellant, the subject of a juvenile wardship petition under Welfare and Institutions Code section 602, subdivision (a), admitted a misdemeanor charge of being an accessory after the fact to the transportation and distribution of marijuana, a violation of Health and Safety Code section 11360, subdivision (a). The police report from

appellant's arrest stated he approached undercover officers outside a concert venue and "said something similar to, 'yo $10 bucks for a blunt.' " When an officer expressed interest, appellant directed him to another person seated nearby, from whom the officer purchased two marijuana cigarettes. At the time of his detention, appellant was in possession of 0.4 grams of presumed cocaine and two pills of presumed methamphetamine.

At the dispositional hearing, the juvenile court found appellant to be a ward of the court, but allowed him to remain at home. In addition to typical conditions of juvenile probation, the court imposed the following two conditions, which appellant challenges in this appeal: appellant must (1) "submit to a search of your . . . electronics day or night and passwords day or night at the request of a Probation Officer or peace officer" and (2) "attend school on a regular basis."[1] When appellant's counsel objected generally to the electronics search condition, the court explained, addressing appellant, "As in this case with drugs, I find it's very important [and] the best way of supervising individuals like yourself [who] have drug cases, that we check your electronics, because that's where you buy and sell and very often boast with photos about your drug usage and drug paraphernalia."

## II. DISCUSSION

We summarized the law applicable to juvenile probation conditions in *In re D.G.* (2010) 187 Cal.App.4th 47 (*D.G.*): "Under Welfare and Institutions Code section 730, subdivision (b), the juvenile court, in placing a ward on probation, 'may impose and require any and all reasonable conditions that it may determine fitting and proper to the end that justice may be done and the reformation and rehabilitation of the ward enhanced.' (See *In re Sheena K.* (2007) 40 Cal.4th 875, 889.) Consistent with this mandate, the juvenile court is recognized as having ' "broad discretion in formulating

---

[1] In the minute order from the hearing, these conditions were transcribed as, "Submit . . . any . . . property, electronic including passwords under your control to search by Probation Officer or peace office[r] with or without a search warrant at any time of day or night" and "Attend school everyday [*sic*]."

2

conditions of probation" ' (*In re Tyrell J.* (1994) 8 Cal.4th 68, 81 (*Tyrell J.*), disapproved on other grounds in *In re Jaime P.* (2006) 40 Cal.4th 128, 139), and the juvenile court's imposition of any particular probation condition is reviewed for abuse of discretion. (*In re Walter P.* (2009) 170 Cal.App.4th 95, 100.)

"While adult criminal courts are also said to have 'broad discretion' in formulating conditions of probation (*People v. Carbajal* (1995) 10 Cal.4th 1114, 1120), the legal standards governing the two types of conditions are not identical. Because wards are thought to be more in need of guidance and supervision than adults and have more circumscribed constitutional rights, and because the juvenile court stands in the shoes of a parent when it asserts jurisdiction over a minor, juvenile conditions 'may be broader than those pertaining to adult offenders.' (*In re Antonio R.* (2000) 78 Cal.App.4th 937, 941.) In *Tyrell J.,* the Supreme Court explained another aspect of the difference: 'Although the goal of both types of probation is the rehabilitation of the offender, "[j]uvenile probation is not, as with an adult, an act of leniency in lieu of statutory punishment; it is an ingredient of a final order for the minor's reformation and rehabilitation." [Citation.] . . . [¶] In light of this difference, a condition of probation that would be unconstitutional or otherwise improper for an adult probationer may be permissible for a minor under the supervision of the juvenile court. [Citations.] " 'Even conditions which infringe on constitutional rights may not be invalid if tailored specifically to meet the needs of the juvenile. . . .' " ' (*Tyrell J., supra*, 8 Cal.4th at pp. 81–82.)

"While broader than that of an adult criminal court, the juvenile court's discretion in formulating probation conditions is not unlimited. (*In re Walter P., supra,* 170 Cal.App.4th at p. 100.) Despite the differences between the two types of probation, it is consistently held that juvenile probation conditions must be judged by the same three-part standard applied to adult probation conditions under *Lent, supra*, 15 Cal.3d 481: 'A condition of probation will not be held invalid unless it "(1) has no relationship to the crime of which the offender was convicted, (2) relates to conduct which is not in itself criminal, and (3) requires or forbids conduct which is not reasonably related to future criminality . . . ." [Citation.] Conversely, a condition of probation which requires

3

or forbids conduct which is not itself criminal is valid if that conduct is reasonably related to the crime of which the defendant was convicted or to future criminality.' (*Id.* at p. 486, fn. omitted; see, e.g., *In re Luis F.* (2009) 177 Cal.App.4th 176, 188; [citations].)" (*D.G.*, *supra,* 187 Cal.App.4th at pp. 52–53.)

In addition to satisfying the *Lent* test, juvenile probation conditions that infringe constitutionally protected rights must be clearly stated and no more restrictive than necessary to achieve their purpose. "Under the void for vagueness constitutional limitation, '[a]n order must be sufficiently precise for the probationer to know what is required of him, and for the court to determine whether the condition has been violated.' [Citations.] In addition, the overbreadth doctrine requires that conditions of probation that impinge on constitutional rights must be tailored carefully and reasonably related to the compelling state interest in reformation and rehabilitation. [Citations.] 'If available alternative means exist which are less violative of the constitutional right and are narrowly drawn so as to correlate more closely with the purposes contemplated, those alternatives should be used . . . .' " (*In re Luis F., supra,* 177 Cal.App.4th at p. 189.)

**A. *Electronics Search Condition***

Appellant contends the electronics search condition violates Penal Code section 632, is invalid under *Lent*, and is unconstitutionally overbroad. In *Ricardo P.*, we addressed the same arguments regarding an identical electronics search condition and affirmed the imposition of a narrowed version of the condition. For the reasons explained below, we find this case materially indistinguishable from *Ricardo P.*, and we therefore follow that decision.[2]

The appellant in *Ricardo P.* admitted felony violations of the burglary statute after breaking into two homes. (*Ricardo P.*, *supra*, 241 Cal.App.4th at p. 680.) The juvenile court imposed an identical electronics search condition to that imposed here and articulated the same drug-related rationale. (*Id.* at pp. 680–681.)

---

[2] The reasoning of *Ricardo P.* was recently adopted by Division Five of this court in *In re Patrick F.* (2015) 242 Cal.App.4th 104, 109.

4

The *Ricardo P.* court initially determined the meaning of the condition and concluded the court's reference to "electronics" included not only electronic devices and the data contained on the devices, but also "electronic accounts, such as social media accounts, that, while not stored on electronic devices, can be accessed through them." (*Ricardo P.*, *supra*, 241 Cal.App.4th at p. 682.) The court based this construction on the juvenile court's reference, as here, to monitoring the appellant's activity on such accounts. (*Ibid.*) We understand the electronics search condition at issue here to have the same meaning.

### 1.  Penal Code Section 632

Addressing the appellant's claim that the electronic search condition violates Penal Code section 632, subdivision (a), which prohibits eavesdropping on confidential electronic communications, *Ricardo P.* found the claim forfeited because the appellant had not raised section 632 below. The decision also concluded the appellant lacked standing to raise the claim, since it was based on the argument the condition "might invade the privacy of the people with whom he communicates, not his own." (*Ricardo P.*, *supra*, 241 Cal.App.4th at p. 683.) On both grounds, that reasoning applies here, since appellant did not raise section 632 below and now asserts only the privacy interests of third parties.

### 2.  Validity Under *Lent*

Appellant's claim the electronics search condition is invalid under *Lent* was also addressed in *Ricardo P.* As noted, a probation condition is invalid under *Lent* if it has no relationship to the crime committed, relates to conduct that is not criminal, and is not reasonably related to future criminality; all three elements must be present before a condition will be found invalid. (*Ricardo P.*, *supra*, 241 Cal.App.4th at p. 684.) As to the first *Lent* element, *Ricardo P.* found that "nothing in the record permit[ed] an inference that electronics played a role in [the appellant's] crimes." (*Id.* at p. 684.) Accordingly, the court concluded the electronics search condition satisfied the first element of *Lent*, in that it had no demonstrated relationship to the offenses at issue. (*Ricardo P.*, at p. 685.) Here, as in *Ricardo P.*, there was no evidence appellant used

5

electronic devices or social media in the commission of the crime. Similarly, *Ricardo P.* found the second element of *Lent* satisfied, since the use of electronic devices is not illegal. (*Ricardo P.*, at p. 685.)

Ricardo P. found the electronics search condition valid under *Lent*, however, on the ground it was reasonably related to future criminality. In doing so, the court followed *People v. Olguin* (2008) 45 Cal.4th 375 (*Olguin*), in which the Supreme Court considered the validity of a probation condition requiring an adult probationer to inform the probation officer of the presence of pets in his residence. The court noted that it was important for a probation officer conducting a warrantless search of the probationer's residence, which was permitted by a separate probation condition, to know whether he or she would encounter pets at the residence. It concluded a probation condition "that enables a probation officer to supervise his or her charges effectively is . . . 'reasonably related to future criminality.' " (*Id.* at pp. 380–381.) Because an electronics search condition is "reasonably related to enabling the effective supervision of [the appellant's] compliance with his other probation conditions," the *Ricardo P.* court held, it was valid under the reasoning of *Olguin*. (*Ricardo P.*, *supra*, 241 Cal.App.4th at pp. 686–687.) The court expressly rejected the reasoning of *In re Erica R.* (2015) 240 Cal.App.4th 907, which, without considering *Olguin*, concluded a similar electronics search condition imposed in similar circumstances did not reasonably relate to future criminality. (*Erica R.*, at pp. 913–914; *Ricardo P.*, at p. 687.)

Division Three of this court has recently issued a decision rejecting the conclusion in *Ricardo P.* that an electronics search condition satisfies the third element of *Lent* because it permits monitoring of a juvenile's compliance with other probation conditions. (*In re J.B.* (2015) 242 Cal.App.4th 749 (*J.B.*).) While acknowledging the rationale of *Olguin*, *J.B.* noted that, in discussing the third element of *Lent*, the *Olguin* court stated that " 'the relevant test is *reasonableness*.' " (*J.B.*, at p. 757, quoting *Olguin, supra,* 45 Cal.4th at p. 383.) Applying this test, *J.B.* found the electronics search condition to be unreasonable because (1) there was no showing of a connection between the

6

probationer's use of electronic devices and his past or potential future criminal activity and (2) the condition burdened the minor's privacy interests. (*Id.* at pp. 757–758.)

We are unpersuaded by the analysis of *J.B.* for two reasons. First, in adopting a generic test of reasonableness, *J.B.* disregarded the actual holding of *Olguin*. In that case, the Supreme Court's conclusion that the probation condition reasonably related to future criminal conduct was unrelated to any connection between the condition and the probationer's past or future crimes. On the contrary, the probationer's keeping of pets was entirely unrelated to any crime he did or likely would commit. Rather, *Olguin* concluded a probation condition is reasonably related to future criminal conduct if it permits more effective monitoring of the probationer's compliance with other probation conditions.[3] (*Olguin, supra,* 45 Cal.4th at pp. 380–381.) Nothing more was required.

Second, contrary to the impression created by *J.B.*, *Olguin* did not announce a generic test of reasonableness for probation conditions. While all juvenile probation conditions must, of course, be "reasonable" (Welf. & Inst. Code, § 730, sub. (b)), the three-part test of *Lent* and the constitutional tests of vagueness and overbreadth have been developed to determine whether this overarching standard has been met. Nothing in *Olguin* suggests the court intended to supplant these tests with a subjective determination of reasonableness. While *Olguin* did mention reasonableness, that reference arose in the context of a discussion of the burden imposed on the probationer by compliance with the probation condition. It was this burden that the court held must be "reasonable," rather than the probation condition itself. (*Olguin, supra,* 45 Cal.4th at pp. 383–384.) Under the portion of *Olguin* cited by *J.B.*, therefore, the relevant burden for measuring the reasonableness of a probation condition is the practical burden of complying with the condition, not the extent to which the condition infringes the probationer's rights.

---

[3] This was consistent with the Supreme Court's earlier approval of the imposition of a warrantless search condition on juveniles in *Tyrell J.*, which found the considerable infringement of civil rights represented by such a condition to be justified because the condition served "the important goal of deterring future misconduct." (*Tyrell J., supra*, 8 Cal.4th at p. 87.)

In rejecting the rationale of *J.B.*, we do not mean to minimize the invasion of privacy inherent in the electronics search condition. Cell phones and social media have become the primary means for young people to communicate. Although an electronics search condition thereby effects a substantial invasion of constitutionally protected interests, it is not clearly greater than that created by other juvenile probation conditions approved in the past. Foremost among these is the condition permitting warrantless searches of a juvenile's person, property, and residence, a commonly imposed condition whose validity has been accepted for decades, despite its potential for invasion of the minor's most private matters. (See *In re Tyrell J., supra,* 8 Cal.4th 68, 87 (*Tyrell J.*); *In re Binh L.* (1992) 5 Cal.App.4th 194, 203–204 (*Binh L.*).) Other approved conditions include a ban on the juvenile's association with persons disapproved by the probation officer or other adults (*In re Byron B.* (2004) 119 Cal.App.4th 1013, 1018); a curfew (Welf. & Inst. Code, § 729.2, subd. (c); *In re Laylah K.* (1991) 229 Cal.App.3d 1496, 1499, 1502, disapproved on other grounds in *In re Sade C.* (1996) 13 Cal.4th 952, 962, fn. 2); GPS monitoring of the juvenile's location (*In re A.M.* (2013) 220 Cal.App.4th 1494, 1500–1501); "blood, breath, or urine" testing at the discretion of the probation officer (*In re P.A.* (2012) 211 Cal.App.4th 23, 32, 40); a ban on tattoos (*In re Victor L.* (2010) 182 Cal.App.4th 902, 927–930); and forced administration of psychotropic medication (*In re Luis F., supra,* 177 Cal.App.4th at p. 192). Division Two of this court has even approved probation conditions entirely forbidding the juvenile from possession of a cell phone and use of the Internet. (*Victor L.*, at pp. 920–921, 923–927.) While a wholesale ban on cell phone and Internet use represents less of an infringement of a minor's *privacy* rights than the electronics search condition, that is only because the ban strips the minor of any opportunity for private communications by these means. An invasion of privacy interests is thereby avoided by an equal or greater infringement on liberty interests.

Courts have been more willing to approve intrusive probation conditions in juvenile cases in part because even law-abiding children have a more limited right to privacy than adults. (*In re Carmen M.* (2006) 141 Cal.App.4th 478, 492–493.) "[A]s a

general matter, the right to privacy of an unemancipated minor is more limited than that of an adult. An unemancipated minor has limited privacy rights as against the state." (*American Academy of Pediatrics v. Lungren* (1997) 16 Cal.4th 307, 394.) When a child is declared a ward, these rights are permissibly limited even further because the child has engaged in criminal behavior, and the juvenile court acts in *parens patriae,* thus "assum[ing] the parents' authority to limit the minor's freedom of action." (*In re Eric J.* (1979) 25 Cal.3d 522, 530; see *Leroy T. v. Workmen's Comp. Appeals Bd.* (1974) 12 Cal.3d 434, 439 [juvenile system is "fundamentally different from the adult penal system" because it is "designed to place the state in the status of *in loco parentis*"].) As diligent parents recognize, monitoring social media communications is an important tool in tracking the activities of a wayward minor. While acknowledging parents have greater leeway than the courts in regulating a minor's conduct (*In re Byron B., supra*, 119 Cal.App.4th at p. 1017), we conclude the adoption of a well-tailored electronics search condition is similarly a permissible, and potentially critical, tool in helping the juvenile court, acting *in loco parentis*, to determine whether the ward is complying with the terms of his or her probation.

As *J.B.* rightly notes (*J.B., supra*, 242 Cal.App.4th at pp. 757–758.), another distinction between the imposition of adult and juvenile probation conditions is that "[u]nlike a parolee, a minor cannot be made subject to an automatic [probation] condition. . . . [E]very juvenile probation condition must be made to fit the circumstances and the minor." (*Binh L.*, *supra*, 5 Cal.App.4th at p. 203; see *Tyrell J.*, *supra*, 8 Cal.4th at p. 82 [probation conditions infringing on a minor's constitutional rights must be tailored specifically to meet the needs of the minor].) Contrary to the suggestion of *J.B.*, however, this principle does not limit the imposition of an electronics search condition to cases in which the juvenile's criminal violation involved cell phones or digital communications. In the present case, for example, appellant was found to be in possession of illegal drugs and a member of a drug sales operation. Although there was no evidence he used electronics in connection with these violations, that does not mean appellant's electronic devices and social media use are irrelevant to the rehabilitative and

9

reformative purpose of the juvenile court. As the court stated, in its experience, cell phones and social media are used to further, and even to celebrate, juvenile drug use. The court imposed the electronics search condition in an attempt to ensure appellant did not use electronics and social media for such purposes. Given our deferential standard of review, we are unwilling to hold that the condition was so unrelated to the juvenile court's goal of preventing appellant from selling and consuming illegal drugs as to constitute a manifest abuse of discretion.

### 3. Overbreadth

While we conclude the electronics search condition's infringement on privacy rights is permissible in these circumstances, that does not end the issue. Any "probation condition that imposes limitations on a person's constitutional rights must closely tailor those limitations to the purpose of the condition to avoid being invalidated as unconstitutionally overbroad." (*In re Sheena K., supra,* 40 Cal.4th 875, 890.) Although finding the electronics search condition valid under *Lent*, the *Ricardo P.* court concluded it could not uphold the condition in the form imposed by the juvenile court because it failed this test.[4] (*Ricardo P.*, *supra*, 241 Cal.App.4th at p. 687.) As the court explained, the applications and Web sites available through electronic devices contain information " 'about *all aspects* of a person's life,' including financial, medical, romantic, and political." (*Id.* at p. 689.) Because the probation condition as drawn "permits review of all sorts of private information that is highly unlikely to shed any light on whether [the appellant] is complying with the other conditions of his probation, drug-related or otherwise," the court concluded the condition was overbroad. (*Id.* at pp. 689–690.) The court held the juvenile court should "limit searches to sources of electronic information that [are] reasonably likely to reveal whether [the appellant] is boasting about his drug use or otherwise involved with drugs, such as text and voicemail messages, photographs, e-mails, and social media accounts. Such a limitation would prohibit searches of data

---

[4] As in *Ricardo P.*, appellant here did not object on grounds of overbreadth below, but the Attorney General does not argue forfeiture. We therefore consider the argument. (*Ricardo P., supra*, 241 Cal.App.4th at pp. 688–689.)

10

found in applications and Web sites involving matters like personal finance or medical care." (*Id.* at p. 690.)[5]

The electronics search condition imposed by the juvenile court here suffers from the same deficiency. To satisfy the court's concern that appellant might use a cell phone and social media to communicate about drug use and sales, the scope of the electronics search condition can and should be limited to programs used for interpersonal communication. It need not include other accounts and information that may be contained in or accessed through a cell phone or other electronic device. We therefore modify the condition to limit the probation officer's search authority to media of communication reasonably likely to reveal whether appellant is boasting about drug use or otherwise involved with drugs, such as text messages, voicemail messages, photographs, e-mail accounts, and social media accounts. While appellant must provide the probation officer with passwords necessary to gain access to these accounts, to the extent any other types of digital accounts maintained by appellant are password protected, he is not required to disclose those passwords.

## B. *School Attendance Condition*

Appellant also contends the probation condition requiring him to attend school is unconstitutionally vague and overbroad because the two formulations of the condition, requiring him to attend "on a regular basis" and "every day," do not make allowance for excused absences. In imposing the condition, the juvenile court told appellant, "With regards to school, attend school on a regular basis. Obey all school rules and regulations. Do not leave the school campus during school hours without permission of school officials or the Probation Officer." In determining the constitutionality of the condition,

---

[5] The court rejected the appellant's argument that no condition was necessary because the other probation conditions constituted less restrictive means to achieve the same end, explaining, "in our view, a condition authorizing warrantless searches of *some* of [the appellant's] cell phone data and electronic accounts allows for monitoring of his compliance with his other probation conditions in a way that a standard search condition simply cannot." (*Ricardo P., supra,* 241 Cal.App.4th at p. 690.)

11

we may consider the clarification provided by these additional comments. (*In re Sheena K.*, *supra,* 40 Cal.4th at p. 891.)

In interpreting a probation condition, it "should be given 'the meaning that would appear to a reasonable, objective reader.' " (*People v. Olguin*, *supra*, 45 Cal.4th 375, 382.) "Also, the probation condition should be evaluated in its context, and only reasonable specificity is required." (*People v. Forrest* (2015) 237 Cal.App.4th 1074, 1080.)

We find the condition to be neither vague nor overbroad. The juvenile court's condition is plainly a shorthand reference to the statutorily prescribed condition of Welfare and Institutions Code section 729.2, subdivision (a), which ordinarily must be imposed on all minors found to be wards under sections 601 and 602 and permitted to remain with their family: "Require the minor to attend a school program approved by the probation officer without absence." (Welf. & Inst. Code, § 729.2, subd. (a).) The "reasonable, objective meaning" of the court's requirement that appellant attend school "on a regular basis" or "every day" and the statutory requirement "without absence," evaluated in the context of juvenile school attendance, is that appellant must be at school when it is in session unless he has a reason recognized as valid by the school for failing to be present. That is what is expected of all students, and nothing in the court's condition suggests it was intended to impose additional or different requirements from those applicable to other students. The court's explanation confirms this commonsense meaning. Appellant's proposal of an alternative meaning that is "belied by both context and common sense" does not make the condition either vague or overbroad. (*In re Ramon M.* (2009) 178 Cal.App.4th 665, 677.)

### III.  DISPOSITION

The search condition of the probation order, which currently reads, "Submit person and any vehicle, room or property, electronic including passwords under your control to search by Probation Officer or peace office [*sic*] with or without a search warrant at any time of day or night," is modified to read:  "Submit your person and any vehicle, room, or property under your control to a search by the probation officer or a

12

peace officer, with or without a search warrant, at any time of the day or night.  Submit all electronic devices under your control to a search of any medium of communication reasonably likely to reveal whether you are boasting about your drug use or otherwise involved with drugs, with or without a search warrant, at any time of the day or night, and provide the probation or peace officer with any passwords necessary to access the information specified.  Such media of communication include text messages, voicemail messages, photographs, e-mail accounts, and social media accounts."

     As so modified, the judgment is affirmed.


                                        _____

                                        Margulies, J.


We concur:


_____
Humes, P.J.


_____
Banke, J.

Trial Court:   Alameda County Superior Court

Trial Judge:   Hon. Leopoldo E. Dorado

Counsel:

Mark R. Wilson, Jonathan Soglin and Paula Rudman, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Gerald A. Engler and Jeffrey M. Laurence, Assistant Attorneys General, Donna M. Provenzano and Joan Killeen, Deputy Attorneys General for Plaintiff and Respondent.