Filed 4/5/16

**CERTIFIED FOR PUBLICATION**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION ONE

| | |
|---|---|
| In re P.O., a Person Coming Under the Juvenile Court Law. | |
| THE PEOPLE, Plaintiff and Respondent, v. P.O., Defendant and Appellant. | A145284 (Alameda County Super. Ct. No. SJ1502449601) |

P.O. appeals from a juvenile court order declaring him a ward of the court and placing him on probation after he admitted to a misdemeanor count of public intoxication. He claims that a condition of his probation requiring him to submit to warrantless searches of his "electronics including passwords" is unreasonable under *People v. Lent* (1975) 15 Cal.3d 481 (*Lent*) and unconstitutionally overbroad.

Most of the appellate divisions in the First District Court of Appeal agree that such a probation condition cannot be upheld, but they disagree over whether such a condition is reasonably related to future criminality under *Lent*, *supra*, 15 Cal.3d 481. We are aware of three decisions, including two from this division, holding that similar conditions were reasonable under *Lent* but unconstitutionally overbroad. Our state Supreme Court has granted the minors' requests for review in those cases. (*In re Alejandro R.* (2015) 243 Cal.App.4th 556, review granted Mar. 9, 2016, S232240; *In re Patrick F.* (2015) 242 Cal.App.4th 104, review granted Feb. 17, 2016, S231428; *In re Ricardo P.* (2015) 241 Cal.App.4th 676, review granted Feb. 17, 2016, S230923.) The most recent published

decision on this issue held that a similar condition was neither unreasonable under *Lent* nor overbroad in light of the unusual severity of the challenges the minor faced in avoiding reoffense. (*In re A.S.* (2016) 245 Cal.App.4th 758.) Finally, other published decisions have held that similar conditions were not reasonably related to future criminality under *Lent*, and as far as we are aware, the Attorney General has sought review in only the most recent of those cases. (*In re Mark C.* (2016) 244 Cal.App.4th 520 (*Mark C.*), petn. for review pending, petn. filed Mar. 4, 2016; *In re J.B.* (2015) 242 Cal.App.4th 749; *In re Erica R.* (2015) 240 Cal.App.4th 907.)

We conclude that the probation condition challenged here satisfies *Lent*, *supra*, 15 Cal.3d 481 but is nonetheless overbroad and must be modified. We also agree with P.O. that two other conditions, one requiring him to "be of good behavior and perform well" at school or work and another requiring him to "be of good citizenship and good conduct" are unconstitutionally vague, and we strike them. (Capitalization omitted.) As so modified, the juvenile court's order is affirmed.

I.
FACTUAL AND PROCEDURAL
BACKGROUND

In November 2014, the principal of P.O.'s Pleasanton high school observed that P.O., who was 17 years old at the time, appeared to be under the influence of drugs.[1] P.O. admitted to using hashish oil earlier that morning, and a search revealed 11 tablets of Xanax in his pockets.

A few months later, the Alameda County District Attorney filed a petition under Welfare and Institutions Code section 602, subdivision (a) seeking to have P.O. declared a ward of the court. The petition alleged one misdemeanor count of unlawful possession

---

[1] The facts in this paragraph are drawn primarily from the dispositional report, which summarized the police report of the incident and was admitted into evidence.

2

of a controlled substance, and P.O. ultimately admitted to an amended allegation that he committed a misdemeanor count of public intoxication.[2]

At the dispositional hearing, the juvenile court declared P.O. a ward of the court and placed him on probation with various conditions, three of which are at issue in this appeal. The first requires him to "[s]ubmit person and any vehicle, room[,] or property, electronics including passwords under [his] control to search by Probation Officer or peace office[r] with or without a search warrant at any time of day or night."[3] We shall refer to the portion of this condition permitting searches of "electronics including passwords" as the electronics search condition. The other two require him to "attend classes or job on time and regularly; be of good behavior and perform well" and "be of good citizenship and good conduct."[4] (Capitalization omitted.) We shall refer to these conditions as the good-behavior conditions. A number of other conditions that P.O. does not challenge were also imposed, including conditions that he not use or possess illegal drugs, not "associate with anyone [he] know[s] to use, deal[,] or possess illegal drugs," and submit to drug testing.

---

[2] The original allegation was made under Health and Safety Code section 11375, subdivision (b)(2). The admission was to a violation of Penal Code section 647, subdivision (f).

[3] The quoted language appears in the minute order from the dispositional hearing. In its oral pronouncement, the juvenile court worded the search condition slightly differently. In particular, it did not use the phrases "under [his] control" or "with or without a search warrant," but both appeared in the probation order that P.O. signed. Under these circumstances, we conclude the written condition controls. (See *People v. Pirali* (2013) 217 Cal.App.4th 1341, 1346.)

[4] These two probation conditions are not contained in the juvenile court's oral pronouncement, the minute order from the dispositional hearing, or the dispositional report. Instead, they appear only in a probation department form, entitled "Conditions of Probation and Court Orders," that P.O. and his mother signed the same day as the hearing. (Some capitalization omitted.) We will assume, as do the parties, that these conditions were in fact imposed, given the juvenile court stated it was imposing "the standard conditions of probation, including, but not limited to," the conditions it orally listed. (See *In re Frankie J.* (1988) 198 Cal.App.3d 1149, 1152-1155; *People v. Thrash* (1978) 80 Cal.App.3d 898, 900-902.)

P.O. objected to the electronics search condition on the basis that there was no evidence to suggest he was buying or selling drugs. In response, the juvenile court emphasized the need to help P.O. avoid substance abuse. It then stated, "[T]o properly supervise these drug conditions, we need to go on your web sites, check what you may be presenting as far as your ability to purchase, to sell drugs, your ability to—we have people who present themselves on the Internet using drugs or . . . in possession of paraphernalia, and that's the only way we can properly supervise these conditions[.]"

## II.
### DISCUSSION

### A.    *Although Reasonable Under* Lent, *the Electronics Search Condition Is Unconstitutionally Overbroad.*

P.O. claims the electronics search condition is (1) unreasonable under *People v. Lent*, *supra*, 15 Cal.3d 481 and (2) unconstitutionally overbroad. We disagree with his first contention but agree with his second.

#### 1.    The electronics search condition is reasonably related to future criminality.

When a minor is made a ward of the juvenile court and placed on probation, the court "may impose and require any and all reasonable conditions that it may determine fitting and proper to the end that justice may be done and the reformation and rehabilitation of the ward enhanced." (Welf. & Inst. Code, § 730, subd. (b); see also *id.*, § 202, subd. (b).) " 'In fashioning the conditions of probation, the . . . court should consider the minor's entire social history in addition to the circumstances of the crime.' " (*In re R.V.* (2009) 171 Cal.App.4th 239, 246.) The court has "broad discretion to fashion conditions of probation" (*In re Josh W.* (1997) 55 Cal.App.4th 1, 5), although "every juvenile probation condition must be made to fit the circumstances and the minor." (*In re Binh L.* (1992) 5 Cal.App.4th 194, 203.) We review the imposition of a probation condition for an abuse of discretion (*People v. Olguin* (2008) 45 Cal.4th 375, 379 (*Olguin*)), taking into account "the sentencing court's stated purpose in imposing it." (*People v. Fritchey* (1992) 2 Cal.App.4th 829, 837.)

4

A juvenile court's discretion to impose probation conditions is broad, but it has limits. (*In re D.G.* (2010) 187 Cal.App.4th 47, 52.) Under *Lent*, which applies to both juvenile and adult probationers, a condition is "invalid [if] it '(1) has no relationship to the crime of which the offender was convicted, (2) relates to conduct which is not in itself criminal, and (3) requires or forbids conduct which is not reasonably related to future criminality.' " (*Lent*, *supra*, 15 Cal.3d at p. 486; *In re Josh W.*, *supra*, 55 Cal.App.4th at pp. 5-6.) "This test is conjunctive—all three prongs must be satisfied before a reviewing court will invalidate a probation term." (*Olguin*, *supra*, 45 Cal.4th at p. 379.)

Although the Attorney General does not raise the issue, we question whether P.O. preserved this claim. He objected below to the electronics search condition, but he did not specify his basis for doing so. The failure to object that a probation condition is unreasonable under *Lent*, *supra*, 15 Cal.3d 481 generally forfeits the contention on appeal. (*In re Vincent G.* (2008) 162 Cal.App.4th 238, 246; see also *People v. Welch* (1993) 5 Cal.4th 228, 235.) Even assuming the claim is preserved, however, we reject it on the merits. Although the electronics search condition satisfies the first two prongs under *Lent* required to invalidate a condition, it does not satisfy the third.

The first prong under *Lent*, *supra*, 15 Cal.3d 481 that must be met to invalidate a probation condition requires the condition to have no relationship to the offender's crime. P.O. argues that the electronics search condition has no relationship to his crime because the record contains no evidence about his use of electronic devices, much less his use of "electronics or social media to display drug use." The Attorney General effectively concedes that the first prong is met, and we agree that the challenged condition has no relationship to P.O.'s crime of being intoxicated in public.

The second prong required to invalidate a probation condition—that the condition relates to conduct that is not itself criminal—is also met here, because there is nothing inherently illegal about using electronic devices. (*In re Erica R.*, *supra*, 240 Cal.App.4th at p. 913.) The Attorney General agrees that "as a general matter, using electronic devices is not illegal," and she does not contest that the second prong is met.

5

We conclude that the third prong required to invalidate a probation condition is not met, however, because the electronics search condition is reasonably related to future criminality. Under *Olguin*, *supra*, 45 Cal.4th 375, a probation condition that enables probation officers "to supervise [their] charges effectively is . . . 'reasonably related to future criminality.' " (*Id.* at pp. 380-381.) This is true "even if [the] condition . . . has no relationship to the crime of which a defendant was convicted." (*Ibid.*) Here, the condition reasonably relates to enabling the effective supervision of P.O.'s compliance with other probation conditions. Specifically, the condition enables peace officers to review P.O.'s electronic activity for indications that P.O. has drugs or is otherwise engaged in activity in violation of his probation. We cannot say that the juvenile court's given reason for imposing the condition—that minors are apt to use electronic devices to show off their drug use or ability to procure drugs—was speculative or otherwise constituted an abuse of discretion.

Another published opinion holding that an electronics search condition was unreasonable under *Lent*, *supra*, 15 Cal.3d 481 has been issued since our prior opinions on the same subject. In *In re Mark C.*, *supra*, 244 Cal.App.4th 520, Division Two followed its earlier decision in *In re Erica R.*, *supra*, 240 Cal.App.4th 907 and held that the third prong of *Lent* was not satisfied because the condition was not reasonably related to future criminality. (*Mark C.*, at p. 535.) In reaching this holding, *Mark C.* made two primary points with which we disagree.

First, *Mark C.* distinguished *Olguin*, *supra*, 45 Cal.4th 375 on the basis that the probation condition in *Olguin*—which required the probationer to disclose any pets he kept at his home—"did not extend the scope of the warrantless search of the probationer's residence, rather it facilitated the search of the residence by mitigating the potential of any pet residing with the probationer 'to distract, impede, and endanger probation officers in the exercise of their supervisory duties.' [Citation.] Thus, it enabled the 'probation officer to supervise his or her charges effectively.' " (*Mark C.*, *supra*, 244 Cal.App.4th at p. 533.) The court continued, "We do not read *Olguin* to hold that *every* condition that might enable a probation officer to supervise his or her minor

charges more effectively is necessarily 'reasonably related to future criminality.' [Citation.] Such a reading would effectively eliminate the reasonableness requirement that the court in *Olguin* discusses at some length. [Citation.] Requiring [the minor] to copy his probation officer on all his e-mails, and forward all his postings on social media to his probation officer might also facilitate his probation officer's supervision of him, as would requiring him to wear a body camera. But *Olguin* no more justifies these hypothetical probation conditions than the actual electronics search condition in this case." (*Mark C.*, at p. 533, italics in original.)

In our view, this point misconstrues the reasonableness requirement discussed in *Olguin*, *supra*, 45 Cal.4th 375. *Olguin*'s mention of reasonableness occurred during a discussion of the burden that compliance with the probation condition imposed on the probationer. (*Id.* at pp. 383-384.) It is this burden that must be reasonable, not the condition itself. (*Ibid.*) It may well be that a probation condition requiring a minor to forward all electronic communications to the probation officer or to wear a body camera would be unreasonable under *Lent*, *supra*, 15 Cal.3d 481, but it would be so because of the burden it imposed on the minor—not because it invaded the minor's privacy (a constitutional concern better addressed by the overbreadth doctrine), and certainly not because it lacked a connection to preventing future criminality.

Second, *Mark C.* distinguished *Olguin*, *supra*, 45 Cal.4th 375 because *Olguin* involved an adult probationer, stating, "Adults, but not minors, have the right to refuse probation. Accordingly, search conditions that apply to a minor must be tailored to fit the minor's particular rehabilitative needs; if they do not, they are invalid under *Lent*." (*Mark C.*, *supra*, 244 Cal.App.4th at p. 534.) *Mark C.* considered the electronics search condition not to be so tailored because there was "nothing in [the minor's] offense or personal history show[ing] a connection between his use of electronic devices or social media and any criminal activity" and thus "there [was] no reason to believe that the . . . condition [would] serve the rehabilitative function of preventing [the minor] from committing future criminal acts." (*Id.* at p. 535.)

If this reasoning were correct, then juvenile courts would be unable to impose standard search conditions permitting warrantless searches of a minor's person, residence, vehicle, and other physical locations without a showing that those locations were all connected to past criminal conduct.  In fact, such conditions are routinely imposed despite their potential to invade minors' privacy.  (See, e.g., *In re Binh L.*, *supra*, 5 Cal.App.4th at pp. 203-204; *In re Laylah K.* (1991) 229 Cal.App.3d 1496, 1502-1503.)  Although "a minor cannot be made subject to an automatic search condition" (*Binh L.*, at p. 203), this requires a court to consider whether a search condition is appropriate under the circumstances before imposing it, not to find a connection between the locations to be searched and the minor's past conduct.  And to the extent the concern with the reasonableness of electronics search conditions stems from the impact electronic searches have on privacy, the fact that a probationer is a minor justifies *more* intrusive probation conditions, as we discuss further below.

In sum, we conclude that the electronics search condition is valid under *Lent*, *supra*, 15 Cal.3d 481 because it is reasonably related to future criminality.

2.      The electronics search condition is overbroad because it is not narrowly tailored to further P.O.'s rehabilitation.

When a probation condition imposes limitations on a person's constitutional rights, it " 'must closely tailor those limitations to the purpose of the condition' "—that is, the probationer's reformation and rehabilitation—" 'to avoid being invalidated as unconstitutionally overbroad.' " (*Olguin*, *supra*, 45 Cal.4th at p. 384; *In re Victor L.* (2010) 182 Cal.App.4th 902, 910.)  "The essential question in an overbreadth challenge is the closeness of the fit between the legitimate purpose of the restriction and the burden it imposes on the [probationer]'s constitutional rights—bearing in mind, of course, that perfection in such matters is impossible, and that practical necessity will justify some infringement." (*In re E.O.* (2010) 188 Cal.App.4th 1149, 1153.)  " ' "Even conditions which infringe on constitutional rights may not be invalid [as long as they are] tailored specifically to meet the needs of the juvenile." ' " (*In re Tyrell J.* (1994) 8 Cal.4th 68, 82,

disapproved on other grounds in *In re Jaime P.* (2006) 40 Cal.4th 128, 130; *In re D.G.*, *supra*, 187 Cal.App.4th at p. 52.)

A probation condition imposed on a minor must be narrowly tailored to both the condition's purposes and the minor's needs, but " ' " 'a condition . . . that would be unconstitutional or otherwise improper for an adult probationer may be permissible for a minor under the supervision of the juvenile court.' " ' " (*In re Victor L.*, *supra*, 182 Cal.App.4th at p. 910, quoting *In re Sheena K.* (2007) 40 Cal.4th 875, 889 (*Sheena K.*).) "This is because juveniles are deemed to be more in need of guidance and supervision than adults, and because a minor's constitutional rights are more circumscribed. The state, when it asserts jurisdiction over a minor, stands in the shoes of the parents. And a parent may 'curtail a child's exercise of . . . constitutional rights . . . [because a] parent's own constitutionally protected "liberty" includes the right to "bring up children" [citation] and to "direct the upbringing and education of children." [Citation.]' " (*In re Antonio R.* (2000) 78 Cal.App.4th 937, 941.) Whether a probation condition is unconstitutionally overbroad presents a question of law reviewed de novo. (*In re Shaun R.* (2010) 188 Cal.App.4th 1129, 1143.)

The Attorney General argues that P.O. forfeited this claim by failing to object on constitutional grounds below. P.O. acknowledges that he did not raise the overbreadth issue before the juvenile court, but he argues that the issue "presents a pure question of law" and does not require an objection below to be preserved on appeal. (See *Sheena K.*, *supra*, 40 Cal.4th at p. 885.) We disagree with his characterization of his claim but nevertheless exercise our discretion to reach the issue. (See *People v. Williams* (1998) 17 Cal.4th 148, 161-162, fn. 6.)

P.O.'s claim is that the electronics search condition infringes upon his constitutional right to privacy in the way it impacts his cell phone use. (See *In re Carmen M.* (2006) 141 Cal.App.4th 478, 490 [recognizing minors' right to privacy]; see also *People v. Appleton* (2016) 245 Cal.App.4th 717, 724 [discussing privacy interest in electronic devices].) We agree with P.O. that the electronics search condition is overbroad in its authorization of searches of cell phones and electronic accounts

9

accessible through such devices because it is not narrowly tailored to its purpose of furthering his rehabilitation. According to the juvenile court, the condition's purpose is to allow monitoring of P.O.'s involvement with drugs, but the condition does not limit the types of data that may be searched in light of this purpose. Instead, it permits review of all sorts of private information that is highly unlikely to shed any light on whether P.O. is complying with the other conditions of his probation, drug-related or otherwise. (*Appleton*, at pp. 719, 725 [probation condition overbroad where it authorized "search[es] of [the] defendant's mobile electronic devices [that] could potentially expose a large volume of documents or data, much of which may have nothing to do with illegal activity," including "medical records, financial records, personal diaries, and intimate correspondence"].)

In reaching this conclusion, we are aware that Division Four recently held that a substantively identical probation condition was not overbroad. (*In re A.S.*, *supra*, 245 Cal.App.4th at pp. 761-762.) The court determined that the condition in that case was sufficiently tailored to its rehabilitative purpose in light of the case's "rather unique constellation of facts"—including the minor's "serious mental illnesses, . . . dysfunctional family life, . . . significant gap in her educational training, and poor social choices." (*Id.* at pp. 771, 774.) In contrast, the condition here is not sufficiently tailored because P.O.'s needs are less severe and the condition's purpose is accordingly less expansive.

Although we disagree with P.O. that no electronics search condition is warranted at all because other conditions of his probation constitute "less restrictive alternatives to meet the state's goal[s] of rehabilitation and public safety," we hold that the condition must be modified to limit authorization of warrantless searches of P.O.'s cell phone data and electronic accounts to media of communication reasonably likely to reveal whether he is boasting about drug use or otherwise involved with drugs. In addition, while P.O. must disclose to peace officers passwords necessary to gain access to these accounts, to the extent any other types of digital accounts maintained by him are password protected, he is not required to disclose those passwords.

*B.      The Good-Behavior Conditions Are Unconstitutionally Vague.*

P.O. claims that the good-behavior conditions are unconstitutionally vague because they are too "imprecise" and "subjective" to provide sufficient notice of the conduct they require. The Attorney General concedes that these conditions are vague, and we accept her concession.

As noted above, juvenile courts have "broad discretion to fashion conditions of probation" to further a minor's rehabilitation (*In re Josh W.*, *supra*, 55 Cal.App.4th at p. 5), but "[a] probation condition 'must be sufficiently precise for the probationer to know what is required of him, and for the court to determine whether the condition has been violated,' if it is to withstand a challenge on the ground of vagueness." (*Sheena K.*, *supra*, 40 Cal.4th at p. 890.) "[T]he underpinning of a vagueness challenge is the due process concept of 'fair warning.' [Citation.] The rule of fair warning consists of 'the due process concepts of preventing arbitrary law enforcement and providing adequate notice to potential offenders' [citation], protections that are 'embodied in the due process clauses of the federal and California Constitutions.' " (*Ibid.*) We review vagueness claims de novo. (*In re Shaun R.*, *supra*, 188 Cal.App.4th at p. 1143.)

We agree with the parties that the good-behavior conditions are not " 'sufficiently precise' " to give P.O. notice of the conduct expected of him.[5] (*Sheena K.*, *supra*, 40 Cal.4th at p. 890.) Reasonable minds can differ about what it means to "be of good behavior and perform well" at school or work and to "be of good citizenship and good conduct," and the conditions are therefore vague. (See *In re Victor L.*, *supra*, 182 Cal.App.4th at p. 916.)

P.O. suggests that the "perform well" language can be modified to require him to get " 'passing grades in each graded subject' " and should not be read to apply to his employment, but he does not address the "good behavior" language. (Quoting *In re Angel J.* (1992) 9 Cal.App.4th 1096, 1102.) He contends that the "good citizenship and

---

[5] Although P.O. did not object to the good-behavior conditions below, no objection was necessary to preserve his claim that they are facially vague. (*Sheena K.*, *supra*, 40 Cal.4th at pp. 888-889.)

11

good conduct" language should be stricken.  The Attorney General contends that we should remand to the juvenile court for it to decide whether to strike or modify the good-behavior conditions.  We believe the best course is to strike all the challenged language, leaving the court free to impose, if it wishes, substitute conditions that are sufficiently clear to comply with constitutional requirements.

### III.
### DISPOSITION

The search condition in the minute order for the May 7, 2015 hearing, which currently reads, "Submit person and any vehicle, room or property, electronics including passwords under your control to search by Probation Officer or peace office[r] with or without a search warrant at any time of day or night," is modified to read:  "Submit your person and any vehicle, room, or property under your control to a search by the probation officer or a peace officer, with or without a search warrant, at any time of the day or night.  Submit all electronic devices under your control to a search of any medium of communication reasonably likely to reveal whether you are boasting about your drug use or otherwise involved with drugs, with or without a search warrant, at any time of the day or night, and provide the probation or peace officer with any passwords necessary to access the information specified.  Such media of communication include text messages, voicemail messages, photographs, e-mail accounts, and social media accounts."

The document listing probation conditions and court orders, signed by P.O. on May 7, 2015, is modified as follows.  The condition requiring him to "attend classes or job on time and regularly; be of good behavior and perform well" is modified by striking the phrase "be of good behavior and perform well."  The condition requiring P.O. to "be of good citizenship and good conduct" is stricken.

As so modified, the juvenile court's order is affirmed.

12

_____

Humes, P.J.

We concur:

_____

Margulies, J.

_____

Dondero, J.

*In re P.O.; People v. P.O.* (A145284)

13

Trial Court:                        Alameda County Superior Court

Trial Judge:                        Honorable Leopoldo E. Dorado

Counsel for Appellant:              Jeremy Price
                                    By appointment of the Court of Appeal under the
                                    First District Appellate Project

Counsel for Respondent:             Kamala D. Harris
                                    Attorney General

                                    Jeffrey M. Laurence
                                    Senior Assistant Attorney General

                                    Donna M. Provenzano
                                    Supervising Deputy Attorney General

                                    Hanna Chung
                                    Deputy Attorney General