Filed 8/30/16  In re M.J. CA4/1

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

COURT OF APPEAL, FOURTH APPELLATE DISTRICT

DIVISION ONE

STATE OF CALIFORNIA

| | |
|---|---|
| In re M.J., a Person Coming Under the Juvenile Court Law. | D068125 |
| THE PEOPLE, | |
| Plaintiff and Respondent, | (Super. Ct. No. J236144) |
| v. | |
| M.J., | |
| Defendant and Appellant. | |

APPEAL from a judgment of the Superior Court of San Diego County, Roderick W. Shelton and Aaron H. Katz, Judges.  Affirmed as modified.

Amanda Fates, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Gerald A. Engler, Chief Assistant Attorney General, Julie L. Garland, Assistant Attorney General, Charles C. Ragland and Kathryn Kirschbaum, Deputy Attorneys General, for Plaintiff and Respondent.

M.J., a minor, appeals his adjudication as a ward of the court under Welfare and Institutions Code section 602, after the juvenile court found true the allegation that M. annoyed or molested a child, in violation of Penal Code section 647.6, subdivision (a). The juvenile court granted M. probation with various conditions and placed him under his aunt's supervision. M. argues that the probation conditions relating to computer use are invalid because they are not related to his offense or his risk of future criminality. M. contests four probation conditions: (1) that he cannot use a computer unless supervised by a responsible adult over the age of 21 who is aware that he is on probation and is aware of the charges (the supervision condition, condition 43); (2) that he not use a computer for any purpose other than school-related assignments and that he is always supervised when using a computer in a common area (the use restriction condition, condition 44); (3) that he may not use a password on any file or computer he uses (the password condition, condition 45); and (4) that his waiver of his Fourth Amendment rights extends to any computer he uses or can access (the search condition, condition 46). M. also argues the term "computers" is impermissibly vague and, in the alternative, that the probation conditions must have an explicit knowledge requirement. We hold that the probation conditions are invalid, unconstitutionally overbroad and impermissibly vague, and strike them.

FACTUAL AND PROCEDURAL BACKGROUND

At the time of the incident that resulted in M.'s adjudication, he was living with his aunt, Marquita W., her eight-year-old daughter K., and other family members. M., then 14 years old, asked K. if she wanted to play cops and robbers with him. K. agreed and

2

pretended to steal a tablet.  M. then chased K. into a bedroom upstairs and M. arrested her, pulled her on top of him, and then told her to take off her pants and underwear.  K. refused, but M. took off his pants and underwear and then took off K.'s pants and underwear.  During the incident, Marquita W. came home and called for her daughter.  When K. did not immediately respond, Marquita W. went upstairs and saw M. running naked from Marquita W.'s room to his room.  M. shut his bedroom door, and Marquita W. knocked on it, asking M. to open it.  M. opened the door and Marquita W. saw M. naked in his room.  Marquita W. heard K. go into the bathroom and followed her in.  K. was naked from the waist down, and Marquita W. determined that M. had hurt K..

The San Diego Police Department arrested M. on the same day.  The district attorney filed a petition under Welfare and Institutions Code section 602 alleging M. annoyed or molested a child, in violation of Penal Code section 647.6, subdivision (a).  The juvenile court found the allegation true and M. was adjudged a ward of the court.

At disposition, M.'s attorney moved to strike the probation conditions recommended by the probation department that related to computer use.  The attorney argued that because M.'s offense was not related to computers, there should not be a restriction on his computer use.  The People agreed the supervision condition and the use restriction condition should not be imposed, but that the remainder of computer-related conditions, including the password condition and the search condition, would be properly imposed to allow the probation officer to make sure M. was complying with other terms of his probation.  Despite the People's argument that the supervision condition and the use restriction condition should not be imposed, the court imposed all four conditions.

3

DISCUSSION

M. contends that, under *People v. Lent* (1975) 15 Cal.3d 481 (*Lent*), these four

conditions must be stricken. He asserts that because his offense did not involve

computers, restricting his use of computers is not rationally related to future criminality.

M. also contends the conditions must be stricken because the term "computers" is

unconstitutionally vague. In the alternative, M. argues a knowledge requirement should

be added to the conditions to restrict their application to devices he knows to be

computers.

The People concede the supervision condition and the use restriction condition

should be stricken because M.'s offense did not involve computers and the conditions

impose a greater restriction on his rights than is reasonably necessary to prevent future

criminal conduct. We accept the People's concession (*Williams v. Superior Court* (1964)

226 Cal.App.2d 666, 674) and will order stricken the supervision condition and the use

restriction. We are therefore required only to consider the propriety of the remaining two

contested conditions.

With respect to the two remaining challenged conditions, the People argue the

password condition and the search condition, if narrowed, are valid because they allow

the probation officer to supervise M.'s compliance with other unchallenged probation

conditions that are reasonably related to future criminality. We review the juvenile

court's probation conditions for abuse of discretion. (*In re Erica R.* (2015) 240

Cal.App.4th 907, 912 (*Erica R.*).) The juvenile court has broader discretion over

juveniles than superior courts do over adults because juveniles are " 'more in need of

4

guidance and supervision than adults, and because a minor's constitutional rights are more circumscribed.' " (*In re Victor L.* (2010) 182 Cal.App.4th 902, 910.) " ' " 'A condition of probation that would be unconstitutional or otherwise improper for an adult probationer may be permissible for a minor under the supervision of the juvenile court.' " ' " (*Ibid.*, quoting *In re Sheena K.* (2007) 40 Cal.4th 875, 889.)

However, the juvenile court's discretion is not unlimited (*Erica R., supra,* 240 Cal.App.4th at p. 912), and "[u]nlike a parolee, a minor cannot be made subject to an automatic search condition." (*In re Binh L.* (1992) 5 Cal.App.4th 194, 203.) A juvenile probation condition is invalid if it: " '(1) has no relationship to the crime of which the offender was convicted, (2) relates to conduct which is not in itself criminal, and (3) requires or forbids conduct which is not reasonably related to future criminality . . . .' " (*Lent, supra,* 15 Cal.3d at p. 486.) "[A] condition of probation which requires or forbids conduct which is not itself criminal is valid if that conduct is reasonably related to the crime of which the defendant was convicted or to future criminality." (*Ibid.*) All three prongs of the *Lent* test must be satisfied before the court will invalidate a term of probation. (*People v. Olguin* (2008) 45 Cal.4th 375, 379 (*Olguin*).) The reasonableness and propriety of the juvenile probation condition is measured not just by the circumstances of the current offense, but by the minor's entire social history. (*In re Walter P.* (2009) 170 Cal.App.4th 95, 100; accord, *In re P.O.* (2016) 246 Cal.App.4th 288, 294 [although a juvenile court broad discretion to fashion conditions, "it has limits" and " 'every juvenile probation condition must be made to fit the circumstances and the minor' "].)

5

M. argues the challenged probation conditions are invalid under the test articulated in *Lent.* With regard to the password and search conditions, the parties agree that the first two prongs of the *Lent* test for invalidity are satisfied, computers have no relationship to M.'s offense and the use of computers is not in itself criminal. In dispute is whether the search condition and the password condition are reasonably related to M.'s potential future criminality.

The People argue, under *Olguin, supra,* 45 Cal.4th 375, the search condition and password condition are reasonably related to future criminality because they allow the probation officers to effectively supervise M. to ensure compliance with other probation conditions.[1] In *Olguin*, the Supreme Court validated a probation condition that required the defendant to notify his probation officer of any pets at his residence for the officer's safety. (*Olguin, supra,* 45 Cal.4th at p. 378.) The court held the third prong of the *Lent* test was satisfied because "a condition of probation that enables a probation officer to supervise his or her charges effectively is . . . 'reasonably related to future criminality.' " (*Olguin,* at pp. 380-381, quoting *People v. Kwizera* (2000) 78 Cal.App.4th 1238, 1240.)

Several courts have applied the reasoning of *Olguin* to uphold electronic search conditions, including search and password conditions. These courts concluded the

---

1  The People also rely on several opinions (*In re Alejandro R.* (2015) 243 Cal.App.4th 556, review granted March 9, 2016, S232240; *In re Ricardo P.* (2015) 241 Cal.App.4th 676, review granted February 17, 2016, S230923; *In re Patrick F.* (2015) 242 Cal.App.4th 104, review granted February 17, 2016, S231428) to support this argument. These cases hold that an electronic search condition is reasonable under *Lent*, despite having no connection to the minor's offense. After the People's brief was filed, the California Supreme Court granted review of these cases, and they no longer have any precedential effect. (Cal. Rules of Court, rule 8.1105(e)(1).)

6

conditions are reasonable under *Lent* where the offense involved the use of electronic devices, or specific facts or circumstances of the defendant's personal or social history suggested that an electronic search condition would " 'serve the rehabilitative function of precluding [the minor] from any future criminal acts.' " (*Erica R., supra,* 240 Cal.App.4th at p. 913; *People v. Ebertowski* (2014) 228 Cal.App.4th 1170, 1176-1177 [upholding an electronic search condition and password condition where the defendant was convicted of gang-related offenses and used social media sites to promote his gang].)

However, where the offenses and personal history of the offender had no connection to the use of electronic devices and any criminal activity, the courts have concluded the conditions were unreasonable under *Lent.* (See *Erica R., supra,* 240 Cal.App.4th at p. 914; *In re J.B.* (2015) 242 Cal.App.4th 749, 755-756.) In *Erica R.*, there was no evidence connecting the minor's drug offense to electronic devices and no reason to believe the condition would serve to prevent future criminality. (*Erica R.,* at pp. 909-910.) Likewise, in *J.B.*, no facts connected electronic devices or social media usage to the minor's petty theft offense or to a risk of future criminal conduct. (*In re J.B.,* at p. 752.)

We agree with the analyses set forth in these cases, and conclude the search condition and password condition at issue here are invalid because they are not reasonably related to future criminality. M.'s offense did not involve computers, electronic devices, or the Internet. There are no facts or circumstances in M.'s personal or social history that suggest he needs additional supervision of his computer use, and no facts or circumstances connecting M.'s computer use to past or future criminal activity.

7

The record indicates M. had no gang affiliations to which searches of his social media or computers might be relevant; he had no history of drug abuse that might have made those searches germane to rehabilitative goals; there is no suggestion the incident in which he was involved (which the psychologist opined "appears to be an isolated incident . . . not . . . a pattern of antisocial behavior or sexual acting out") was even remotely connected to or exacerbated by his use of computers; and the social study stated M. "has not had too many behavioral problems[, which] seems quite impressive considering the chaotic family in which he is involved."  We are convinced that, because there is no evidence the minor here presented a social history involving a constellation of problems where close and extensive monitoring would be warranted by his rehabilitative needs (cf. *In re Walter P., supra,* 170 Cal.App.4th at p. 100), the imposition of the search and password conditions far exceeded any reasonable boundaries that " 'fit the circumstances and the minor' " (*In re P.O., supra,* 246 Cal.App.4th at pp. 298-294), and are invalid under *Lent*.

We conclude there must be a reason to believe the computer-related conditions " ' "will serve the rehabilitative function of precluding [the minor] from any future criminal acts" ' " for the conditions to be valid.  (*In re J.B., supra,* 242 Cal.App.4th at p. 756, quoting *Erica R., supra,* 240 Cal.App.4th at p. 913.)  On this record, there is none, and we therefore conclude the search and password conditions cannot pass muster under *Lent*.

We accept the People's concession that the supervision condition (condition 43) and the use condition (condition 44) should be stricken as unnecessary based on the facts of this case.  We further conclude, on this record, that imposition of the search condition

8

(condition 46) and password condition (condition 45) is invalid under *Lent, supra*, 15 Cal.3d 481, and therefore those conditions must be stricken.

## DISPOSITION

The challenged probation conditions 43, 44, 45, and 46 are stricken.  The judgment is otherwise affirmed.


McDONALD, Acting P. J.

WE CONCUR:


AARON, J.


IRION, J.

9