Filed 5/4/21  P. v. White CA3

NOT TO BE PUBLISHED

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Sacramento)

----

| | |
|---|---|
| THE PEOPLE, | C088231 |
| Plaintiff and Respondent, | (Super. Ct. No. 18FE012252) |
| v. | |
| THOMAS WHITE, | |
| Defendant and Appellant. | |

In exchange for pleading no contest to corporal injury on his girlfriend, defendant Thomas White was granted probation, the terms of which included an electronic search condition.  On appeal, defendant contends the electronic search condition is unconstitutionally overbroad.  He also contends the trial court erred in imposing certain fines and fees without considering his ability to pay.

We agree that on the record before us the electronic search condition is constitutionally overbroad.  We remand so the trial court can consider whether the

1

condition is valid based on facts not before us, and whether a more narrowly tailored version of the condition can pass constitutional muster. The judgment is otherwise affirmed.

## FACTUAL AND PROCEDURAL BACKGROUND

After punching his girlfriend in the eye during an argument,[1] defendant pled no contest to inflicting corporal injury on someone with whom he had a dating relationship. (Pen. Code, § 273.5, subd. (a)).[2] In exchange for the plea, defendant would receive probation and serve no more than 364 days in jail. Additionally, a $40 court operations assessment, a $30 conviction assessment, and a $300 restitution fine would be imposed, along with other fees. "[S]tandard terms and conditions" of probation would also apply.

A probation report was then prepared, which recommended probation conditions including an electronic search condition authorizing the search of any place or object under defendant's control, including phones and computers:

"[Penal Code section] 1546 searchable — Defendant shall submit his/her person, place, property, automobile, electronic storage devices, and any object under his/her control, including but not limited to cell phones and computers, to search and seizure by any law enforcement officer or probation officer, any time of the day or night, with or without a warrant, with or without his/her presence or further consent. Defendant being advised of his/her constitutional and statutory rights pursuant to Penal Code section 1546 et seq. in this regard, and having accepted probation, is deemed to have waived same and also specifically consented to searches of his/her electronic storage devices." [¶] "Defendant shall provide access to any electronic storage devices and data contained therein,

---

[1] The parties stipulated to a factual basis as provided by the prosecution.

[2] Undesignated statutory references are to the Penal Code.

including disclosing and providing any and all information necessary to conduct a search[.]"

At sentencing, the trial court asked defense counsel if he had had "adequate time to go through the terms and conditions of probation with your client?" Counsel answered he had. The court then asked defendant if he had "had enough time to go through the terms and conditions of probation with your attorney?" Defendant responded, "I guess." When the court clarified, "Yes or no?," defendant answered, "Yeah."

The court then asked defendant "You want me to go through the terms and conditions of probation with you?" "Yes, sir," defendant said. But defense counsel interjected: "You want to go through all the ones I went through with you?" Defendant responded, "No, he already went —." The court chimed in, "I'll go through them if you want me to, otherwise, do you understand and accept these terms and conditions?" Defendant said, "I understand." "And you accept them as well, sir?" the court continued. "Yeah," defendant answered. "All right" the court said, "That will be the order. You'll be served."

The court suspended imposition of sentence, placed defendant on five years' probation, ordered him to serve 364 days in jail and imposed conditions of probation, including the electronic search condition.

## DISCUSSION

### I. The Electronic Search Condition

On appeal, defendant contends the electronic search condition is unconstitutionally overbroad. He argues its scope exceeds its purported rehabilitative purpose, and the underlying domestic violence offense had nothing to do with any electronic devices or information stored therein.

Defendant acknowledges that no objection was raised below, yet he maintains the issue is not forfeited because his challenge on appeal amounts to a facial challenge. And

3

to the extent an objection was required to preserve the challenge, he maintains his trial counsel rendered ineffective assistance in failing to object.

The People argue the claim is forfeited, urging that defendant's ostensive facial challenge is in fact an as applied challenge as defendant is arguing the condition is not properly tailored to him. And the failure to develop an evidentiary record prevents this court from considering an as applied challenge. Further, the electronic search condition serves the state's interest in promoting defendant's rehabilitation, preventing further criminal activity, and protecting the public.

We agree the challenge is forfeited for failure to object. (See *In re Sheena K.* (2007) 40 Cal.4th 875, 889 [forfeiture applies to challenges to probation conditions that do not present pure questions of law].) We will, however, consider defendant's challenge as a claim of ineffective assistance of counsel. To prevail on a claim of ineffective assistance of counsel, a defendant must show (1) counsel's performance fell below an objective standard of reasonableness under prevailing professional norms, and (2) the deficient performance prejudiced defendant. (*Strickland v. Washington* (1984) 466 U.S. 668, 688, 691-692 [80 L.Ed.2d 674, 693-694, 696] (*Strickland*); *People v. Ledesma* (1987) 43 Cal.3d 171, 216-218 (*Ledesma*).)

Here, both prongs are met. Defendant was sentenced on September 21, 2018. Ten months before that, on November 18, 2017, this court issued its opinion in *People v. Valdivia* (2017) 16 Cal.App.5th 1130, review granted February 4, 2018, S245893 (*Valdivia*), in which we addressed the same electronic search condition imposed in the same superior court and concluded the condition was overbroad. (*Id.* at pp. 1141-1147.) The concurring and dissenting opinion discussed the overbreadth of the search condition in detail as well as a number of cases addressing that issue (*Id.* at pp. 1166-1178, conc. and dis. opn. of Murray, J.), in addition to the validity of the search condition under *People v. Lent* (1975) 15 Cal.3d 481 (*Lent*). Review was granted on February 14, 2018 and held pending disposition of our Supreme Court's consideration of *In re Ricardo P.*,

4

S230923.[3]  In light of *Valdivia*, the published cases involving overbreadth challenges to electronic search conditions discussed therein[4] and the pending litigation in our Supreme Court, we see no legitimate strategic reason why counsel did not object to the electronic search condition here on overbreadth grounds, if to do nothing more than to preserve the issue for appeal.

To show prejudice, defendant must show a reasonable probability that he would have received a more favorable result had counsel's performance not been deficient. (*Strickland*, *supra*, 466 U.S. at pp. 693-694; *Ledesma*, *supra*, 43 Cal.3d 171, at pp. 217-218.)  "A reasonable probability is a probability sufficient to undermine confidence in the outcome."  (*Strickland*, *supra*, 466 U.S. at p. 694; accord, *Ledesma*, *supra*, 43 Cal.3d at p. 218.)  The likelihood of a different result must be substantial, not just conceivable. (*Harrington v. Richter* (2011) 562 U.S. 86, 112 [178 L.Ed.2d 624].)

A probation condition "is unconstitutionally overbroad ... if it (1) 'impinge[s] on constitutional rights,' and (2) is not 'tailored carefully and reasonably related to the compelling state interest in reformation and rehabilitation.' "  (*In re E.O.* (2010) 188 Cal.App.4th 1149, 1153.)  " 'The essential question in an overbreadth challenge is the closeness of the fit between the legitimate purpose of the restriction and the burden it imposes on the defendant's constitutional rights—bearing in mind, of course, that

---

[3]  Ultimately, after the sentencing here, our supreme court decided *In re Ricardo P.* (2019) 7 Cal.5th 1113 (*Ricardo P.*), where our high court held the electronic search condition therein did not satisfy the *Lent* test.  *Ricardo P.* did not address constitutional overbreadth.  In addition to concluding the electronic search condition was overbroad, the majority in *Valdivia* held that the *Lent* test had been satisfied.  After *Ricardo P.* was issued, *Valdivia* was transferred back to this court with directions to vacate the decision and reconsider it in light of *Ricardo P.*  (*Valdivia*, *supra*, 16 Cal.App.5th 1130) and an unpublished opinion was thereafter issued.

[4]  E.g. *In re P.O.* (2016) 246 Cal.App.4th 288, 298; *People v. Appleton* (2016) 245 Cal.App.4th 717, 723, 726-727 (*Appleton*); *In re Malik J.* (2015) 240 Cal.App.4th 896, 901-904.)

perfection in such matters is impossible, and that practical necessity will justify some infringement.' " (*Appleton*, *supra*, 245 Cal.App.4th at p. 723, quoting *In re E.O.*, at p. 1153.) Here, the condition is clearly overbroad, so at a minimum, it is subject to more narrow tailoring. Such tailoring would be a more favorable result to defendant.

Accordingly, we must conclude defendant's claim of constitutional ineffectiveness of counsel has merit. Consequently, the search condition must be stricken. We remand to allow the court to reconsider imposing the condition (if it has not already done so)[5] and if it chooses to do so, issue one that is narrowly tailored to meet constitutional muster.

## II. Fines and Fees

Defendant next contends the trial court erred in imposing a $30 conviction assessment (Gov. Code, § 70373), a $40 operations assessment (§ 1465.8), and a $300 restitution fine (§ 1202.4) without first considering his ability to pay. He cites in support *People v. Dueñas* (2019) 30 Cal.App.5th 1157, 1172 (*Dueñas*), which held that due process requires the trial court to stay execution of restitution fines, as well as court operation and conviction assessments, until it has held a hearing and determined the defendant has the present ability to pay.

We join the courts concluding *Dueñas* was wrongly decided and hold that defendant was not entitled to an ability to pay hearing for the conviction and operation assessments and the restitution fine. (*People v. Pack-Ramirez* (2020) 56 Cal.App.5th 851, 860 (*Pack-Ramirez*); *People v. Cota* (2020) 45 Cal.App.5th 786, 794-795; *People v. Kingston* (2019) 41 Cal.App.5th 272, 279; *People v. Hicks* (2019) 40 Cal.App.5th 320, review granted November 26, 2019, S258946; *People v. Aviles* (2019) 39 Cal.App.5th 1055; *People v. Caceres* (2019) 39 Cal.App.5th 917, 923-929.) We therefore reject the contention.

---

[5] Of course, the trial court's reconsideration must take into account our high court's decision in *Ricardo P.*, *supra*, 7 Cal.5th 1113.

6

We also reject defendant's Eighth Amendment claim.  Even assuming the $30 conviction assessment under Government Code section 70373 and the $40 operations assessment under section 1465.8 are punitive forfeitures, the total assessment of $370 is not grossly disproportional to the gravity of a defendant's offense.  (*Pack-Ramirez, supra,* 56 Cal.App.5th at pp. 860-861.)

## DISPOSITION

The judgment is modified to strike the electronic search condition.  The cause is remanded to allow the trial court to determine whether to impose an electronic search condition, and if so, to narrowly tailor it.  In all other respects, we affirm.

\*\*\*\*\*

Pursuant to Business and Professions Code section 6086.7, subdivision (a)(2), the clerk of this court is ordered to forward a copy of this opinion to the State Bar upon finality of this appeal.  Further, pursuant to Business and Professions Code section 6086.7, subdivision (b), the clerk of this court shall notify defendant's trial counsel that the matter has been referred to the State Bar.[6]

 

                                                                          /s/

                                                             MURRAY, Acting P. J.

We concur:

 /s/

RENNER, J.

 /s/

KRAUSE, J.

---

[6] Business and Professions Code section 6086.7, subdivision (a)(2) requires the court to notify the State Bar "[w]henever a modification or reversal of a judgment in a judicial proceeding is based in whole or in part on the misconduct, incompetent representation, or willful misrepresentation of an attorney."