Filed 3/17/23 In re S.B. CA5

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b). This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

# IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FIFTH APPELLATE DISTRICT

| | |
|---|---|
| In re S.B., a Person Coming Under the Juvenile Court Law. | |
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>            v.<br><br>S.B.,<br><br>    Defendant and Appellant. | F085036<br><br>(Fresno Super. Ct. No. 22CEJ600115-1)<br><br>**OPINION** |

### THE COURT[*]

APPEAL from an order of the Superior Court of Fresno County. Virna L. Santos, Judge.

Candice L. Christensen, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Michael P. Farrell, Assistant Attorney General, Louis M. Vasquez, Lewis A. Martinez, and Joseph Penney, Deputy Attorneys General, for Plaintiff and Respondent.

-ooOoo-

---

[*] Before Poochigian, Acting P. J., Detjen, J. and Smith, J.

Appellant challenges the juvenile court's probation condition limiting his access to phones/electronics. The Attorney General concedes the probation condition should be modified but not to the extent requested by appellant. We largely accept the Attorney General's position, modify the condition, and affirm.

## BACKGROUND

On April 5, 2022, the Fresno County District Attorney filed a juvenile wardship petition (Welf. & Inst. Code, § 602) pertaining to appellant S.B. The petition alleged appellant committed an assault by means likely to produce great bodily injury (count 1; Pen. Code, § 245, subd. (a)(4)),[1] and battery with serious bodily injury (count 2; § 243, subd. (d).) A great bodily injury enhancement was alleged as to each count. (§ 12022.7, subd. (a).)

An order filed on July 26, 2022, reflects appellant admitted count 1, and that count 2 was dismissed. A dispositional hearing was held September 21, 2022, wherein the court committed appellant to the Juvenile Justice Center for 90 days and placed him on probation for one year. The court imposed a probation condition concerning electronic devices. That condition is the focal point of the present appeal and is described further below.

On September 29, 2022, appellant filed a notice of appeal challenging his probation conditions.

## FACTS[2]

A 14-year-old male (i.e., "the victim") told police he was returning to a motel after visiting a food truck. He observed 8 to 10 individuals near the pool. About half of the group were males and the other half were females. One of them asked the victim if he skated, and he responded affirmatively.

---

[1] Subsequent statutory references are to the Penal Code unless otherwise noted.

[2] Because appellant admitted to count 1, we take the facts from the police report and the probation officer's detention hearing memorandum.

2.

Shortly thereafter, the victim observed the group smoking marijuana and drinking alcohol while sitting around the pool. The victim told the group "it was likely not a good spot to be doing that." The individuals told the victim to "shut up," pushed him to the ground, and began to hit and kick him. The group attacked him for about a minute and a half.

The victim identified two of the female attackers by first name, saying he knew them from a prior stay at a behavioral health hospital. He also described a male attacker as having curly brown hair wearing jeans and a black shirt.

When police arrived, the victim had a "severely" swollen face, which was covered with blood that was dripping onto his clothing. It was later determined the victim also had a broken nose.

The next day police obtained a video of the assault. The video showed several assailants punching and kicking the victim mainly in the head and face while he was on the ground. The assailants were telling him to say he was sorry. The victim was trying to guard his head with his hands and was saying, " 'Please.' " Appellant told the victim to put his hands down. Appellant held a cell phone to his face and said, " 'Look at you, you look like a bitch right now. You look like a bitch right now, huh?' " Appellant then kicked the victim in the face. The victim lay on the ground while the assailants continued to kick him in the face.

Appellant later claimed that one of the females in his group accused the victim of sexually assaulting her during a prior stay at a mental hospital. Appellant said that was why he and the others assaulted the victim. Appellant admitted he hit the victim "quite a bit." Appellant admitted that what he had done was " 'messed up.' "

At an in-field lineup, the victim identified appellant as the one who pushed him to the ground and led the fight.

The video of the assault quickly spread across the school campus where the victim was to attend.

*Disposition Hearing*

The victim's mother requested that appellant be kept in custody for two years. She emphasized that "[a] lot of people around town saw this video" of the assault.

The court stated that it had watched the video and that it was "very difficult to watch and I can only imagine how you feel every time, you know, the video is out there and how your son must feel knowing that almost everybody he knows and he doesn't know saw this video. I know he's still being victimized because of it."

*Probation Condition*

At the dispositional hearing, the court said,

"I'm also going to order because phone, internet, social media was a factor in this case during the period of probation. You're not to use a phone. You're not to have a phone, mom. No phone. No electronics to include video games during the period of probation. They're only to be for school because I know for school they're required but that's it. That's it. That's the order for the whole period of probation."

The court later reiterated, "The use of the internet was used to victimize this minor. The phone was used to victimize the minor. That's an order."

In the written disposition order, the court ordered: "No use of cell phone, social media, electronics including game stations. May only use computer/internet for school purposes only."

**DISCUSSION**

"When a probation condition imposes limitations on a person's constitutional rights, it ' "must closely tailor those limitations to the purpose of the condition" ' – that is, the probationer's reformation and rehabilitation – ' "to avoid being invalidated as unconstitutionally overbroad." ' [Citations.] 'The essential question in an overbreadth challenge is the closeness of the fit between the legitimate purpose of the restriction and the burden it imposes on the [probationer]'s constitutional rights – bearing in mind, of course, that perfection in such matters is impossible, and that practical necessity will

4.

justify some infringement.' [Citation.] ' " 'Even conditions which infringe on constitutional rights may not be invalid [as long as they are] tailored specifically to meet the needs of the juvenile.' " ' " (*In re P.O.* (2016) 246 Cal.App.4th 288, 297.)

A probation condition " ' " ' "that would be unconstitutional or otherwise improper for an adult probationer may be permissible for a minor under the supervision of the juvenile court." ' " ' [Citations.] 'This is because juveniles are deemed to be more in need of guidance and supervision than adults, and because a minor's constitutional rights are more circumscribed. The state, when it asserts jurisdiction over a minor, stands in the shoes of the parents. And a parent may "curtail a child's exercise of … constitutional rights … [because a] parent's own constitutionally protected 'liberty' includes the right to 'bring up children' [citation] and to 'direct the upbringing and education of children.' [Citation.]" ' [Citation.] Whether a probation condition is unconstitutionally overbroad presents a question of law reviewed de novo." (*In re P.O.*, *supra*, 246 Cal.App.4th at p. 297.)

Both parties agree that the probation condition is overly broad but disagree in how it should be modified.

Given its breadth and the Attorney General's concession, we think some clarification of the probation condition is in order. However, it remains important to note that we must uphold as much of the juvenile court's order as is constitutionally permissible. It is not our job to completely rewrite the condition as we see fit. Instead, we must honor the respective roles of juvenile and appellate courts by preserving as much of the probation condition as the doctrine of overbreadth will allow.

### Breadth

While the court's verbal rendition referred to "phones" generally, the written order referred to "cell phones." The Attorney General urges that the condition be modified to make clear that it does not extend to electronic devices that cannot access social media or record video/audio, such as a landline phone. We agree.

The juvenile court's concern underlying this condition centered on the fact that S.B. used the cell phone's video recording capability to exacerbate the situation. The same concerns do not present themselves with respect to electronics such as a landline phones, which do not possess recording capabilities and are not mobile. Thus, we doubt the juvenile court was intending to prohibit appellant's access to landline phones. Even if it had, such a restriction would not be properly tailored to appellant's offense. Consequently, we will modify the order accordingly.

### *Allowing Electronics Approved by Probation Officer*

Appellant suggests another modification: "[t]he phone and electronics ban can be modified to require oversight and permission by the probation officer." But that would not be a modification so much as a reversal of the ban. To say that appellant can use whatever cell phones and electronics the probation officer approves is to undermine what the juvenile court sought to do with its order. The court's focus on cell phones was well justified given that one was utilized during the assault and made the situation worse. Appellant cites some generally positive factors – such as this being his first-time offense, etc. – but none of them negate the fact that a cell phone ban is tailored to the circumstances of the offense. We see no constitutional principle that would require the modification proposed by appellant.

Appellant contends that there are constructive purposes for which he might want to use the internet. That is true. It is regrettable appellant chose to use a cell phone and social media the way he did. The fact that a probation condition limits access to a medium that *could* be used constructively does not render it unconstitutional when it is tailored to the fact appellant *actually* used it destructively.

### DISPOSITION

The probation condition concerning cell phones and electronics is vacated and replaced by the following: "While S.B. is on probation, he shall not use a cell phone or access social media for any purpose. Additionally, S.B. shall not use any other electronic

devices that have the capability of accessing social media, recording video/audio, or sending messages containing video/audio content. S.B. may use a computer for schoolwork but may not use a computer to otherwise access social media, record video/audio or transmit video/audio to others. This restriction on using electronic devices does not extend to landline telephones, so long as S.B.'s usage of landline telephones complies with the remainder of his probation conditions." As modified, the order is affirmed.