Filed 2/6/25  P. v. Ashford CA1/4

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION FOUR

| | |
|---|---|
| THE PEOPLE,<br><br>        Plaintiff and Respondent,<br><br>v.<br><br>KHAI DMITRI ASHFORD,<br><br>        Defendant and Appellant. | A169049<br><br>(Contra Costa County<br>Super. Ct. No. 042301095) |

Khai Dmitri Ashford appeals from an order placing him on probation after he pleaded no contest to charges stemming from an act of domestic violence against the mother of his children.  He claims that a condition of his probation requiring him to submit to warrantless searches of his electronic devices is unreasonable under *People v. Lent* (1975) 15 Cal.3d 481 (*Lent*)[1] and unconstitutionally overbroad.  The People agree the condition violates *Lent*, and so do we.  Although Ashford forfeited the issue by failing to object at sentencing, we shall exercise our discretion to consider it, vacate the condition as worded, and remand so the condition may be better tailored to legitimate supervisory objectives.

---

        [1] *Lent* was superseded by statute on another ground as stated in *People v. Moran* (2016) 1 Cal.5th 398, 403, footnote 6.

1

# I. BACKGROUND

Ashford was once married to the confidential victim (C.V.), who lived with their three children, and the two had an "on-and-off" relationship. They reunited several years ago after Ashford was released from prison, and Ashford moved in with C.V. and their children. At the time, Ashford was subject to a 10-year stay-away order protecting C.V., which was to expire in 2026.

In August 2022, Ashford and C.V. had an argument in their kitchen. Ashford hit C.V. once in the face. Two of the children were in the living room and one was outside playing basketball. C.V. told the children to call the police. When she said this, Ashford gathered his things, took C.V.'s and the children's phones, and left. C.V. told her son to call the police using their neighbor's phone. At a police officer's suggestion, C.V. and the children stayed in a hotel that night. When they returned home the next day, their phones were on a table inside.

The People charged Ashford with domestic violence through corporal injury to a spouse or cohabitant (Pen. Code,[2] § 273.5, subd. (a)), disobeying a protective or stay-away order (§ 166, subd. (c)(1)), and three counts of removing a wireless device to prevent its use to notify law enforcement (§ 591.5). They further alleged Ashford had two prior serious or violent felony convictions (§§ 667, subds. (d) & (e), 1170.12, subds. (b) & (c)), commonly known as strikes,[3] and was ineligible for probation as a result (§ 1203, subd. (e)(4)).

Ashford pleaded no contest to all five counts and admitted the two prior strikes and ineligibility for probation, along with several aggravating

---

[2] Undesignated statutory references are to the Penal Code.

[3] See *People v. Acosta* (2002) 29 Cal.4th 105, 108.

circumstances. At the plea and sentencing hearing, the trial court accepted defense counsel's representation that Ashford had moved to a sober living facility soon after the day he hit C.V. Over the People's objection, the court struck Ashford's two prior strikes in the interests of justice (§ 1385), explaining it was "somewhat surpris[ed]" to do so, but reasoning that Ashford was "at an age where rehabilitation is still possible" and had already taken "steps toward rehabilitation" on his own, a trial "very likely would cause further harm and trauma to this family and to the victim and her children," and Ashford was willing to "incur a finding of guilt before trial." The court indicated it was inclined to place Ashford on probation, but noted this would be conditioned on terms including a "[f]our-way search clause to include . . . electronic devices." The court acknowledged that "this is a squeaker when it comes to being a probation case."

Following Ashford's plea, the trial court sentenced him to the upper term of four years in prison on the domestic violence count, suspended execution of sentence, and granted probation for four years. It terminated the existing protective order and issued a new one to expire in October 2026. The court imposed several probation conditions, including that Ashford submit his "electronic devices such as cellphones, tablets or computers," and "[s]mart phones" to "search and seizure at any time . . . , with or without a warrant." Defense counsel objected to another proposed probation condition, but not the electronic search condition.

## II.  DISCUSSION

The People contend Ashford forfeited his challenges to the electronic search condition by failing to object to it at sentencing. Ashford acknowledges he did not object to the condition, but claims to raise a facial constitutional challenge that does not require an objection to be preserved on

3

appeal, and argues his counsel was ineffective for failing to object. We disagree with Ashford's characterization of his challenge, but exercise our discretion to reach the issue. (*In re P.O.* (2016) 246 Cal.App.4th 288, 297–298, citing *People v. Williams* (1998) 17 Cal.4th 148, 161–162, fn. 6.) We therefore need not address whether Ashford's counsel was ineffective. (See *People v. Coddington* (2023) 96 Cal.App.5th 562, 568.)

Turning to the merits, probation conditions are reviewed for abuse of discretion under the criteria set forth in *Lent*. (*People v. Bryant* (2021) 11 Cal.5th 976, 983–984 (*Bryant*).) A condition will not be deemed invalid unless it " '(1) has no relationship to the crime of which the offender was convicted, (2) relates to conduct which is not in itself criminal, and (3) requires or forbids conduct which is not reasonably related to future criminality.' " (*Lent*, *supra*, 15 Cal.3d at p. 486.) "*Lent* contemplates a case-by-case assessment taking into account the relationship between the offender's crime, the terms of the challenged condition, and its relation to the probationer's future criminality." (*Bryant*, at p. 983.) "A condition will not be invalidated as unreasonable unless all three of *Lent*'s criteria are satisfied." (*Id.* at pp. 983–984.)

As the People acknowledge, this case is governed by our Supreme Court's decision in *In re Ricardo P.* (2019) 7 Cal.5th 1113 (*Ricardo P.*). *Ricardo P.* held an essentially identical probation condition requiring the minor defendant to submit to warrantless searches of his electronic devices was invalid under *Lent*, absent evidence that electronic devices were involved in the minor's underlying burglary crimes or that he had or would in the future use such devices in connection with illegal activity like the drug use that concerned the court. (*Ricardo P.*, at pp. 1115–1116, 1119.) The opinion explained that, while "[i]n virtually every case, one could hypothesize that

4

monitoring a probationer's electronic devices . . . might deter or prevent future criminal conduct," the court must consider the burden to the probationer's privacy and have "a sufficient factual basis [to] determine that an electronics search condition is a proportional means of deterring the probationer from future criminality." (*Id.* at pp. 1123, 1128–1129.) *Ricardo P.* struck the broad electronic search condition imposed by the juvenile court and remanded for further proceedings—emphasizing, however, that its holding did "not categorically invalidate electronics search conditions." (*Id.* at pp. 1128–1129; see also *Bryant*, *supra*, 11 Cal.5th at p. 992.)

Here, while Ashford's crimes included physically taking his family members' phones, they did not involve using his own devices in the manner targeted by the electronic search condition. *Ricardo P.* applies. So does *In re Alonzo M.* (2019) 40 Cal.App.5th 156 (*Alonzo M.*). In *Alonzo M.*, we applied *Ricardo P.* to invalidate an electronic search condition broadly authorizing searches to reveal whether the probationer was complying with all the terms of his probation, not just the no-contact orders the juvenile court had focused on. (*Alonzo M.*, at pp. 167–168.) Our colleagues in Division Two did the same in *In re Amber K.* (2020) 45 Cal.App.5th 559, 567 (*Amber K.*).

Both *Alonzo M.* and *Amber K.* struck the overbroad conditions at issue and remanded for the court to consider whether to impose a revised condition. (*Alonzo M.*, *supra,* 40 Cal.App.5th at p. 168; *Amber K.*, *supra,* 45 Cal.App.5th at pp. 567–568.) As the People allow, the same approach is appropriate here. As in *Alonzo M.* and *Amber K.*, we will not suggest specific language or require the adoption of particular limitations, but direct the trial court, in its discretion, to weigh the burden on Ashford's privacy so any modified search condition is substantially proportionate to a legitimate

supervisory objective: for example, insuring Ashford does not have contact with protected persons.

Given this conclusion, we need not address Ashford's separate claim that the electronic search condition is unconstitutionally overbroad. (*Alonzo M., supra,* 40 Cal.App.5th at p. 168, fn. 2.)

## III.  DISPOSITION

The sentence is affirmed except for the provision imposing an electronic search condition of probation, which is vacated, and the case is remanded so the trial court may consider the imposition of an electronic search condition consistent with this opinion.


SIMONDS, J.[*]


WE CONCUR:


STREETER, ACTING P. J.


GOLDMAN, J.


A169049
*People v. Ashford*

---

[*] Judge of the Sonoma County Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.