Filed 4/12/18

**CERTIFIED FOR PUBLICATION**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SIXTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>FRANCISCO JAVIER MALDONADO,<br><br>    Defendant and Appellant. | H044815<br>(Santa Clara County<br>Super. Ct. No. C1761615) |

Defendant Francisco Javier Maldonado challenges probation conditions imposed following his conviction for possessing methamphetamine for sale (Health & Saf. Code, § 11378). The challenged conditions subject electronic devices in defendant's possession to warrantless search and require him to provide passwords for those devices whenever requested by law enforcement. Defendant argues the conditions are unreasonable, overbroad, and vague. For the reasons stated here, we will affirm the judgment.

## I.    TRIAL COURT PROCEEDINGS

This factual summary is based on police reports in the augmented record as defendant waived preparation of a full probation report. Two officers were on patrol in a marked car in the early morning. As they drove through an area "known to have a lot of drug trafficking," they noticed a car in a parking lot with the driver's door open. Defendant was in the driver's seat, and another man was also in the car. A woman was standing next to the driver's door. When an officer approached, the woman walked away and ignored the officer's questions about what she was doing there. Defendant disclosed his name and informed the officers that he owned the car. After a records check revealed that defendant was on probation with search terms, the officers conducted a probation

search of the car. In the fuse panel on the driver's side, an officer found a working scale and a black container with 14 hand-rolled cigarettes inside. The cigarettes contained a green leafy substance and crystal shards that later tested presumptively positive for methamphetamine.

The officers arrested defendant and drove him to the address he had registered with the probation department. The officers learned that defendant lived in an RV parked at the address. During a search of the RV, officers discovered another working scale; a small plastic bag with four individual bags inside containing a crystalline substance that tested presumptively positive for methamphetamine; another small plastic bag with the same crystalline substance inside; and a jar containing a green leafy substance that an arresting officer believed was marijuana. The combined weight of the methamphetamine discovered during the search was over 38 grams. Defendant denied knowing about the cigarettes found in the car, but he confirmed that all the controlled substances in the RV belonged to him and were all for his personal use rather than for sale. In addition to the controlled substances, defendant's Android phone was seized incident to his arrest and booked into evidence.

Defendant was charged with one count of possessing methamphetamine for sale. (Health & Saf. Code, § 11378.) As part of a negotiated disposition, defendant pleaded no contest to the charged count in return for three years' formal probation, including a condition that he serve eight months in county jail.

Among other probation conditions, the court imposed the following related to electronic devices: "The defendant shall, as a condition of probation ... , give specific consent to any peace officer [or] any law enforcement agency to seize and search all electronic devices, including but not limited to cellular telephones, computers or notepads in your possession or under your control to a search [*sic*] of any text messages, voicemail messages, call logs, photographs, email accounts, social media accounts, including but not limited to Facebook, Instagram, Twitter, Snapchat, or any other site which the

probation officer informs you of or applications pertaining to these accounts at any time with or without a warrant"; and "[Defendant] shall further agree and specifically consent to provide all passwords necessary to access or search such electronic devices, including but not limited to cellular telephones, computers or notepads and understand that refusal to provide the password will constitute a violation of the terms of your probation."

Defense counsel did not object to defendant's phones being subject to search, but argued that the conditions are overbroad and have no nexus to the crime because they allow computers and notepads to be searched. The trial court overruled the objection, reasoning that if it limited searches to phones, defendant could then "use your notepad" or "use your computer" to circumvent the probation conditions. The court concluded that if "it is a place where you can keep track, then it is going to be looked at without probable cause by any peace officer."

## II. DISCUSSION

Defendant argues the probation conditions related to electronic devices are unreasonable under the principles articulated in *People v. Lent* (1975) 15 Cal.3d 481 (*Lent*), and are also unconstitutionally overbroad and vague.[1] He alternatively contends his trial counsel provided ineffective assistance to the extent counsel forfeited any arguments. Because we find that trial counsel's objections adequately preserved all issues raised on appeal, we do not address defendant's alternative argument.

### A. THE CHALLENGED CONDITIONS DO NOT PROVIDE UNLIMITED ACCESS

We begin by addressing defendant's apparent misconception regarding the scope of searches authorized by the conditions. Defendant repeatedly states that the challenged conditions authorize "unlimited access" to, and "unlimited searches" of, defendant's electronic devices. To the contrary, the conditions allow a search of electronic devices

---

[1] The Supreme Court has granted review in several cases to determine the validity of probation conditions like those imposed here. (E.g., *In re Ricardo P.* (2015) review granted February 17, 2016, S230923.)

only for specific categories of information (i.e., "text messages, voicemail messages, call logs, photographs, email accounts, [and] social media accounts"), and they require defendant to provide only the passwords necessary to search for those categories of information. We acknowledge those categories encompass extensive information on defendant's electronic devices. Nevertheless, they do not provide officers carte blanche to search anything and everything on the devices as defendant's briefing suggests.

## B. REASONABLENESS

A probation condition is not invalid unless it has no relationship to the conviction, relates to conduct which is not in itself criminal, and is not reasonably related to future criminality. (*People v. Olguin* (2008) 45 Cal.4th 375, 379 (*Olguin*).) We review the reasonableness of probation conditions for abuse of discretion. (*Ibid.*) We focus on defendant's arguments related to the first and third prongs because it is undisputed that using electronic devices is not in itself criminal.

Regarding their relationship to the present conviction, defendant makes two arguments: (1) that the probation conditions should be limited to cellular phones because there is no evidence that defendant used an electronic device other than a cellular phone; and (2) once limited to cellular phones, the conditions should be further limited to searches "for direct communication" and not "for record keeping, for taking photographs, or for communicating with others via social media accounts." Though a cellular phone appears to have been the only type of electronic device directly tied to defendant's conviction, as the trial court recognized, limiting the probation conditions to cellular phones would allow them to be easily circumvented by using a different type of electronic device to communicate about illegal activities. (See *People v. Moran* (2016) 1 Cal.5th 398, 404–405 [affirming validity of a condition that the defendant stay away from all Home Depot stores even though he committed his crime at a single Home Depot location; reasoning "conditions of probation aimed at rehabilitating the offender need not be so strictly tied to the offender's precise crime"].) As to whether the conditions should

4

be narrowed to allow searches only "for direct communication," the conditions as written are already largely confined to methods of direct communication. Direct communication can be achieved using all categories identified in the conditions ("text messages, voicemail messages, call logs, photographs, email accounts, [and] social media accounts"), although the conditions are not and need not be limited to communications. Even photographs can facilitate drug sales by depicting merchandise offered for sale, or by allowing mobile access to a photograph of a handwritten pay-owe sheet. Given the potential use of stored photographs for record keeping and similar activities, it would be too restrictive to limit the search of photographs to only those posted to social media or attached to messages sent or received. Defendant has not demonstrated that the condition has no relationship to the crime he committed.

Regarding their relationship to future criminality, defendant contends the conditions allow access to areas of his personal life which are "completely unrelated to deterring future criminality." To the contrary, the categories of information referenced in the conditions are all forms of communication that could facilitate drug sales. As such, the search conditions are reasonably related to preventing future criminality. (See *Olguin*, *supra*, 45 Cal.4th at pp. 380–381 ["A condition of probation that enables a probation officer to supervise his or her charges effectively is, therefore, 'reasonably related to future criminality.' "].)

Defendant's reliance on *In re Erica R.* (2015) 240 Cal.App.4th 907, 909–913, and *In re P.O.* (2016) 246 Cal.App.4th 288, 291–293, is misplaced. Those cases involved drug possession and public intoxication, respectively. Here, defendant was convicted of possessing methamphetamine *for sale*, and the record supports a finding that an electronic device was used in those sales. Allowing a probation officer to access information on defendant's electronic devices will facilitate supervision and deter future criminality by ensuring that defendant does not attempt to sell drugs using any electronic device. Further, while the court in *In re P.O.* ultimately found an electronic device

5

search condition unconstitutionally overbroad, it determined that even in the context of a public intoxication juvenile adjudication "the electronics search condition [was] reasonably related to future criminality." (*In re P.O.*, at p. 295.)

## C. OVERBREADTH

Defendant contends the challenged conditions are unconstitutionally overbroad because they are not narrowly tailored to limit their impact on his rights to privacy, speech, and association. While defendant asserts his First Amendment rights to free speech and association, he does not explain how the conditions curtail those rights. As the only right defendant discusses in any detail is his Fourth Amendment right to be free from unreasonable searches and seizures, we focus our analysis there. (See *Tichinin v. City of Morgan Hill* (2009) 177 Cal.App.4th 1049, 1084, fn. 16 [failure to support point with reasoned argument forfeits the argument].)

"A probation condition that imposes limitations on a person's constitutional rights must closely tailor those limitations to the purpose of the condition to avoid being invalidated as unconstitutionally overbroad." (*In re Sheena K.* (2007) 40 Cal.4th 875, 890 (*Sheena K.*).) We review the constitutionality of probation conditions de novo. (*In re Malik J.* (2015) 240 Cal.App.4th 896, 901 (*Malik J.*).)

"[P]arolees and probationers retain some expectation of privacy, albeit a reduced one." (*In re Jaime P.* (2006) 40 Cal.4th 128, 137.) The California Supreme Court has determined that "probation search conditions serve to promote rehabilitation and reduce recidivism while helping to protect the community from potential harm by probationers." (*People v. Robles* (2000) 23 Cal.4th 789, 795.) As a probationer, defendant's diminished expectation of privacy is "markedly different from the broader privacy guaranteed under the Fourth Amendment to individuals who are not serving sentences or on grants of probation." (*In re Q.R.* (2017) 7 Cal.App.5th 1231, 1238, review granted April 12, 2017, S240222 (*Q.R.*) .) "It is that pre-conviction expectation of privacy that was at issue in *Riley v. California* (2014) __U.S.__, [134 S.Ct. 2473] (*Riley*), where the United States

Supreme Court announced the general rule that police may not conduct a warrantless search of a cellular phone seized incident to an arrest. (*Riley*, __ U.S. __ [134 S.Ct. at p. 2485].)" (*Q.R.*, at p. 1238.)

The purpose of the challenged conditions is to prevent defendant from using electronic devices in the future to facilitate the sale of controlled substances. Defendant's possession of an Android phone when he was arrested for possessing methamphetamine for sale distinguishes this case from those where similar probation conditions have been rejected as unconstitutionally overbroad. (See *In re P.O.*, *supra*, 246 Cal.App.4th 288, 291–293, 298 [modifying juvenile electronic device search condition because condition bore no relationship to public intoxication adjudication]; *People v. Appleton* (2016) 245 Cal.App.4th 717, 719–720, 728–729.) Defendant's possession of an electronic device while committing his crime makes this case more similar to *Q.R.*, where the minor had used an electronic device in committing his jurisdictional offenses and the reviewing court found no overbreadth in juvenile probation conditions allowing electronic devices to be searched. (*Q.R.*, *supra*, 7 Cal.App.5th at p. 1238, rev. granted.) Here, as in *Q.R.*, access to defendant's electronic devices is appropriate to ensure that he does not reoffend while on probation.

Defendant posits that "the state's interest here – that is, monitoring whether appellant uses his cell phone, computer, or tablet to procure drugs or offer drugs for sale – could be served through narrower means." In reviewing the closeness of the fit between the legitimate purpose of probation conditions and the burden they impose on a defendant's constitutional rights, we are mindful that "perfection in such matters is impossible, and that practical necessity will justify some infringement." (*In re E.O.* (2010) 188 Cal.App.4th 1149, 1153.) Defendant argues that the challenged conditions would allow a search of his electronic devices for "medical records, financial records, personal diaries, and intimate correspondence with family and friends." But we are not persuaded of the need to narrow the conditions, because defendant is protected by the

7

principle that warrantless probation searches must not be conducted in an arbitrary, capricious, or harassing manner. (*People v. Schmitz* (2012) 55 Cal.4th 909, 923.) Defendant contends that the conditions should be narrowed to "avoid infringing on the privacy interests of third parties." (Citing *Malik J.*, *supra*, 240 Cal.App.4th at pp. 903–904.) But "any speculative impact on third parties is not a reason to strike the condition since [defendant] lacks standing to assert the constitutional rights of third parties." (*Q.R.*, *supra*, 7 Cal.App.5th at p. 1237, rev. granted.)

### D. VAGUENESS

Defendant contends the challenged conditions are unconstitutionally vague because they do not define the phrase "electronic devices," and also because they do not adequately define the scope of information subject to search. "[T]he underpinning of a vagueness challenge is the due process concept of 'fair warning.' " (*Sheena K., supra,* 40 Cal.4th at p. 890.) Probation conditions must be " 'sufficiently precise for the probationer to know what is required of him [or her], and for the court to determine whether the condition has been violated.' " (*Ibid.*) In conducting our independent review of the challenged conditions, we are "guided by the principles that 'abstract legal commands must be applied in a specific *context*,' and that, although not admitting of 'mathematical certainty,' the language used must have ' "*reasonable* specificity." ' " (*Ibid.*)

Defendant challenges as vague the phrase "electronic devices," arguing that by not "specif[ying] the nature of the 'electronic devices' covered," the phrase "conceivably covers any other electronic device, such as an [i]Pod, a smart television, a Kindle-type book reading device, or digital features of an automobile." But the conditions provide reasonable specificity by including three examples of the types of devices that are subject to search: telephones, computers, and notepads. Given the focus of the conditions on accessing defendant's communications, we find the phrase "electronic devices" as used here to be sufficiently clear to meet constitutional standards.

8

Defendant also contends that the conditions are vague because "there is no way to know whether the search condition is limited to searches focused on communications made from the devices – i.e., telephone call logs, text messages, and emails – or whether it covers the much broader range of information stored or accessible through a cell phone, computer, or tablet, such as the content of social media accounts, bank accounts, speech and associational activities." But the scope of searches is defined by the explicit listing of the types of information that can be searched: "any text messages, voicemail messages, call logs, photographs, email accounts, [and] social media accounts." By specifying the types of information to which probation officers have access, the conditions contain the reasonable specificity and "fair warning" necessary to withstand a vagueness challenge.

## III.    DISPOSITION

The judgment is affirmed.

_____

Grover, J.

**WE CONCUR:**

_____

Elia, Acting P. J.

_____

Premo, J.

**H044815 -** *People v. Maldonado*

| | |
|---|---|
| Trial Court: | Santa Clara County Superior Court,<br>Case No.: C1761615 |
| Trial Judge: | Hon. Kenneth Paul Barnum |
| Attorneys for<br>Plaintiff/Respondent:<br>The People | Xavier Becerra<br>  Attorney General of California<br>Gerald A. Engler<br>  Chief Assistant Attorney General<br>Jeffrey M. Laurence<br>  Senior Assistant Attorney General<br>Rene A. Chacon<br>  Supervising Deputy Attorney General .<br>Bruce Ortega<br>  Deputy Attorney General |
| Attorneys for<br>Defendant/Appellant:<br>Francisco Javier Maldonado | Conrad Petermann<br>  Law Office of Conrad Petermann<br>  Under Appointment by the Court of Appeal |